JOHN HAYES, Respondent, *v.* THE FORTY-SECOND STREET AND
GRAND STREET FERRY RAILROAD COMPANY, Appellant.

To maintain an action to recover damages for negligence, plaintiff must prove facts warranting an inference of negligence on the part of defendant; he may not recover upon facts as consistent with care and prudence as with the opposite.

Plaintiff's evidence in such an action was to the effect that he went upon one of the defendant's street cars and stood upon the front platform, although there were vacant seats inside. The car stopped to receive other passengers, who entered by the front platform; to facilitate their entry plaintiff stepped down upon the front step; as he was stepping up again, as he testified, " the car gave a sudden movement and pulled up," and he was thrown off and injured. It appeared that after starting, the car did not stop until after the accident. *Held,* that the evidence failed to show any negligence on defendant's part; and that a refusal to nonsuit was error.

As to whether the provision of the General Railroad Act (§ 46; chap. 140, Laws 1850), relieving a railroad company from liability for injuries received by a passenger on the platform of a car, when it posts a notice in the car warning passengers against so riding, and furnishes a seat in the car for the passenger, *quære.*

(Argued October 16, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made the second Monday of December, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by the negligence of the driver of one of the defendant's street cars.

The material facts are stated in the opinion.

*Freling H. Smith* for appellant. Plaintiff was guilty of contributory negligence, having stepped from the platform of the car to the step. ( *Ward* v. *Central Park, etc., R. R. Co.,* 11 Abb. [N. S.] 411; *Clark* v. *Eighth Ave. R. R. Co.,* 36 N. Y. 135.) The notices posted in the car, as proved, relieved

the defendant, and left the plaintiff to ride where he did at his peril. (3 N. Y. Stat. at Large, 636, § 46 ; *Nolan* v. *R. R. Co.*, 87 N. Y. 63 ; *Willis* v. *R. R. Co.*, 34 id. 670, 676, 677.)

*H. D. Birdsall* for respondent. The defendant was clearly chargeable with negligence in the management of the car. (*Wylde* v. *N. R. R. Co. of N. Y. & Erie R. R. Co.*, 53 N. Y. 156 ; *Mahar* v. *Central Park & Erie R. R. Co.*, 39 N. Y. Supr. Ct. 155.) The fact that plaintiff had drank a few glasses of beer and whisky did not establish contributory negligence on his part. (*Dickett* v. *Spuyten Duyvil & Port Morris R. R. Co.*, 5 Hun, 165, 167.) The fact that plaintiff first entered upon the front platform, and had been standing there previous to the accident does not establish the fact of contributory negligence on his part, even if he had been there when the accident occurred. (*Spooner* v. *Brooklyn City R. R. Co.*, 54 N. Y. 230 ; *Philip* v. *Rens. & Saratoga R. R. Co.*, 57 Barb. 44 ; *Nolan* v. *Brooklyn City & Newtown R. R. Co.*, 87 N. Y. 63 ; *Clark* v. *Eighth Ave. R. R. Co.*, 36 id. 135 ; *Ginna* v. *Second Ave. R. R. Co.*, 67 id. 596.) The fact that the fare of plaintiff was demanded and paid while he was standing on the front platform was a waiver of the rule that passengers should not ride there, and implied a consent and permission to plaintiff to remain there, and was also an assurance that it was a suitable and safe place for him to ride. (*Clark* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 135, 136 ; *Nolan* v. *Brooklyn City & Newtown R. R. Co.*, 87 id. 63.) The questions of defendant's negligence, and of the pretended contributory negligence of the plaintiff, which questions involve a consideration of all the evidence in the case relating thereto, were questions of fact for the jury, under a charge of the court, to which there was no exception, and their verdict is final and conclusive. (*Wolfkiel* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 49 ; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451 ; *Hart* v. *Hudson River Bridge Co.*, 80 id. 622 ; *Payne* v. *Troy & Boston R. R. Co.*, 83 id. 572 ; *Gonzalis* v. *N. Y. C. & H. R. R. R. Co.*, 39 How. 407, Ct. of App. ; *Ochsenbein* v. *Shaply*, 85 N. Y. 214 ; *Willis* v. *L.*

*I. R. R. Co.,* 34 id. 670 ; *Spooner* v. *Brooklyn City R. R. Co.* 54 id. 230 ; *Haley* v. *Earle,* 30 id. 208.)

FINCH, J. The defendant company makes two objections to the recovery in this case. Upon proof that the notice required by the General Railroad Act was posted in the car, and that plaintiff was riding upon the platform and was upon the step when injured, in disregard of that notice, his contributory negligence was asserted. In *Nolan* v. *Brooklyn City & Newtown R. R. Co.* (87 N. Y. 63) we did not decide that the provision of the General Railroad Act referred to applied to street railroads. It was enough in that case, that if it did, the notice proved was insufficient, and that was the only answer deemed necessary to the argument founded upon the statute. Nor need we decide that question now, since we think the second objection taken by the appellant, that there was no evidence of negligence on the part of the defendant company, is well founded.

On New Year's day of 1881 the plaintiff, after having partaken liberally of intoxicating drinks, but claiming, nevertheless, to have been entirely sober, went upon a street car of defendant at Forty-second street in the city of New York, for the purpose of riding down town. He took his position upon the front platform when there was room and were vacant seats inside of the car ; while thus riding on the platform his fare was collected by the conductor without remonstrance or objection.

The car stopped at Twenty-third street to permit four persons to come upon it as passengers, one of whom was a lady, and all of whom entered by way of the front platform. The plaintiff stepped down upon the front step, as he says, "to give these passengers better facility for getting in, " and then, he adds : " I was in the act of stepping up again after they got on the front platform, when the car gave a sudden movement and pulled up, and I got thrown out sideways." This is the sole and only evidence upon which any negligence of the company can be founded. What the plaintiff said about an elevation of the rail along the curve he admitted might have been the

riser or flange upon which the wheels do not run, and that such was the case was proved beyond any possibility of doubt. It is not shown that the driver of the car started his horses in any unusual or negligent manner. The plaintiff does not so testify, and standing where he did upon the front platform it was possible for him to see and observe. That the car "gave a sudden movement" is entirely consistent with the supposition that, having been still, the horses were started in a careful and prudent manner ; for a car loaded with passengers must neces- sarily require a strong pull of the horses to overcome its resist- ing inertia, and such must be a thing of constant occurrence and unavoidable. The strong effort of starting relaxes as momentum is gained and the car moves easily, and this is what the plaintiff evidently means by the phrase "and pulled up," unless he refers to its stoppage after he fell off, for it is en- tirely certain that, after starting, the car did not stop until the accident had occurred, and stopped on account of that. The plaintiff, therefore, gave no evidence which even tended to show that there was any negligence on the part of the com- pany. He must prove something which warrants that infer- ence and not leave his case upon facts just as consistent with care and prudence as with the opposite. (*Baulec* v. *N. Y. & Harlem R. R. Co.*, 59 N. Y. 357.)

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except DANFORTH, J., dissenting, and RAPALLO, J., absent.

Judgment reversed.