CASE 28.—ACTION BY I. R. HOLLON AGAINST THE CAMP-
TON FUEL & LIGHT COMPANY FOR THE NEGLI-
GENT BURNING OF HIS HOUSE.—November 22.

## Hollon v. Campton Fuel & Light Co.

Appeal from Wolfe Circuit Court.

ROBERT RIDDELL, Circuit Judge.

Judgment for defendant, plaintiff appeals—Af-
firmed.

1. Gas—Injuries Incident to Operation of Works—Pleading—
Construction.—Where, in an action against a fuel and light
company for the destruction of a customer's house by fire,
in that the company negligently permitted an unusual flow
of gas to pass through its mains, there was nothing in the
complaint to show that the unusual flow was of such force
as to destroy the valve in the customer's house by which
he was enabled to regulate the flow, it is to be presumed
that the flow was not of such a pressure.

2. Same.—Where, though an unusual flow of gas is permitted
by a fuel and light company to pass through its mains, it is
not of such pressure as to destroy the valve which the cus-
tomer has to regulate the volume of gas which is supplied to
his light or fire burners, the company is not liable for dam-
ages resulting from such flow.

3. Same—Admissibility of Evidence.—Evidence of the customer's
neighbors that along about the time the house burned the
flow of gas through the pipes in their houses was unusually
strong was competent without proof that such houses were
located with reference to the main line practically the same
as the house burned and that the equipment for regulating
the flow was practically the same, where the size of the town
was such that the pipe and equipment were necessarily
practically the same and the company did most, if not all,
of the work of installation.

4. Same.—Evidence that about an hour and a half before the
fire witness tested the pressure in one of the pipes of the

Hollon v. Campton Fuel & Light Co.

company in another house, and found it above the reasonable and proper pressure, was not connected sufficiently close to the time of the fire to entitle it to any weight, and should not have been admitted.

5.  Same.—Evidence as to the condition in which the "by-path" and "regulator," which were the apparatus by means of which the pressure of gas was regulated, were found the morning following the night of the fire, was improperly admitted.

6.  Trial—Taking Case from Jury—Sufficiency of Evidence.— Where the evidence is equally consistent with either view, the existence or non-existence of negligence, the court should not submit the case to the jury, for the party affirming negligence has failed to prove it.

7.  Gas—Injuries Incident to Operation of Works—Actions—Sufficiency of Evidence.—Evidence held to show that the fire might have been due to any one of other causes as likely as that of the company's negligence; and hence it was error not to direct a verdict for the company.

L. T. HOVERMALE and S. G. SAMPLE for appellant.

1. All the recognized authorities bear out the contention of appellant that a person or corporation who furnishes natural gas, or any dangerous substance to consumers for a consideration, must exercise not only ordinary but extraordinary care in protecting the lives and property of the consumers. A failure to use this care is negligence and renders them liable to the injured parties for the damage that results from the failure to do so. (Ohio Gas Fuel Co. v. Andrews, 29 L. R. A., 337; 8 Am. & Eng. Ency. of Law, p. 1273; Oil City Gas Co. v. Robinson, 99 Pa., p. 1.)

2. Where there is any evidence tending to establish the contention of the plaintiff, the court should not give a peremptory instruction, but should allow the case to go to the jury on an issue of fact. (Eskridge's Exr. v. Cin., N. O. & T. P. Ry. Co., 12 S. W., 580; Buford v. L. & N. R. R. Co., 82 Ky., 286; Thompson v. Thompson, 17 B. Mon., 22; Payne Clothing Co. v. Payne, 54 S. W., 709.)

JOUETT, BYRD & JOUETT for appellee.

POINTS AND AUTHORITIES.

We think that the record in this case shows that the petition as amended was defective, and that the demurrer to same should

Hollon v. Campton Fuel & Light Co.

have been sustained; that the court should have sustained the motion for a peremptory instruction,

(1) Because the pleadings were not sufficient to support a judgment.

(2) Because the evidence does not show any negligence on the part of defendant.

(3) Because the evidence and petition show conclusively that the plaintiff was guilty of contributory negligence.

We, therefore, insist that there is o error in the decision of the lower court and that the same should be affirmed.

### AUTHORITIES CITED.

Ibach v. Huntington Light & Fuel Co., 55 N. E., Rep.; Exploring Co. v. Painter, 1 Ind. App., 587 (249, 28 N. E. Rep., 113); Indiana Natural & Illuminating Gas Co. v. New Hampshire Fire Ins. Co. (Ind. Sup.), 53 N. E., 485; Gas Co. v. Baker, 146 Ind., 600, 45 N. E. 1049; Mast, Crowell & Kirkpatrick v. Lehman, 100 Ky., 464; Hally v. Boston Gas Light Co., 69 Am. Dec., 233; Adams v. Inhabitants of Carlisle, 21 Pike, 146; White v. Winnissimmet Co., 7 Bush, 155; 2 Greenleaf Ev., section 473; Thornton's Law Relating to Oil and Gas, section 6˙2; Lee v. Troy Citizens' Gas Light Co., 98 N. Y., 115; Am. & Eng. Ency. of Law, 2d Ed., vol. 14, p. 942; Hulett v. Pudsey Gas Co., 28 Gas J., 663: Am. & Eng. Ency. of Law, 2d Ed., vol. 14, p. 942; L. & N. R. R. Co. v. Cox, 8 Ky. Law Rep., 961; Bush v. Grant, 22 Ky. Law Rep., 1766; Am. & Eng. Ency of Law, 2d Ed., vol. 7, p. 454; Prideaux v. City of Mineral Point, 28 Am. Rep., 558; Gaynor v. Old Colony, etc., R. Co., 100 Mass.; 208; Murphy v. Dean, 101 Mass., 466; Merrill v. Hampden, 26 Me., 234; Park v. O'Brien, 23 Conn., 299; Schofield v. Chicago, etc., R. Co., U. S. Sup. Court, May 14th, 1885; Payne Clothing Co. v. Payne, 54 S. W. Rep., 709; Eskridge's Exr. v. Cincinnati, N. O. & T. P. Ry. Co.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellant's dwelling house in the town of Campton was burned, and he instituted suit in the Wolfe circuit court seeking to recover of appellee damages in the sum of $1,000 therefor, alleging that the house was set on fire and burned by reason of the negligence

and carelessness of appellee company, in this: that the company, through its agents and employes, had turned into the gas pipe which supplied gas to appellant's house an unusual quantity of gas, thereby increasing the flames to such an extent as to cause the destruction of his home. A demurrer having been overruled, appellee denied the allegations of the petition, as amended, alleging negligence or carelessness on its part, and pleaded contributory negligence on the part of appellant. A reply traversing the plea of contributory negligence completed the pleading. A jury was impaneled and the trial proceeded with. At the close of plaintiff's testimony, the court, on motion of defendant, peremptorily instructed the jury to find for the defendant, and because of this ruling of the trial court plaintiff prosecutes this appeal.

It is insisted on the part of appellant that the court erred in taking the case from the jury, while, on the other hand, appellee insists that the trial court erred in overruling its demurrer to the petition. We will first consider the sufficiency of the petition. Plaintiff states in both his petition and his amended petition that he had a valve in the pipe in his dwelling by means of which he could regulate the flow of gas; the language of the petition being as follows: "In order to have gas sufficient to maintain fires and lights, the customers of said defendant company were compelled to open cocks, valves, and stops to their fullest extent, and that, while said cocks, valves, and stops were so open and without notice to said consumers, the defendant company negligently turned or permitted to be turned on the flow of gas, etc." In the amended petition this language is used: "The defendant company had, just before the burning, been supplying the plaintiff's said house with a small quantity or volume

of gas for fuel or light, and plaintiff was compelled, in order to get even a small supply, to keep the valves in the house and fire places open, at least, to some extent, in order to receive any heat or light.'' Thus we have in both the petition and the amended petition the allegation on the part of the plaintiff that he had within his own means in his house the power to regulate and control the volume of gas which was supplied to his light or fire burners. So that, while the petition alleges that the defendant company, through its agents and servants, permitted an unusual volume of gas to flow through the pipes which supplied plaintiff's house, yet we have at the same time the further allegation that the plaintiff had under his own control the means by which this supply of gas was regulated. It is therefore insisted by appellee that, even though it was guilty of negligence in permitting an unusual flow of gas into the pipes, still, unless that flow was shown to be so heavy as to burst and destroy the pipes, thereby placing the regulation of the flow of gas beyond appellant's control, that appellant cannot recover, for the reason that the injury is the result not of any negligence on the part of appellee in permitting an unusual flow of gas through the main, but is directly chargeable to the neglect of appellant in failing to regulate the flow of gas passing from the main into his burners. There is nothing in the pleading to show that the unnatural and unusual flow of gas which it is charged that appellee permitted to pass through its main was of such a force as tended to and did destroy the usefulness of the valve or key in appellant's house by which he was enabled to regulate the flow of gas, and, construing the pleading most strongly against the pleader, it is to be presumed that the gas in the main was not of

such a pressure. Reduced to its final analysis, the petition, as amended, charged that an unusual flow of gas was permitted to pass into the main, but that it was not of such a force as destroyed the valve or means which appellant had to regulate and control the volume of gas flowing into his burners. Such allegations do not support a cause of action, and the demurrer to the petition should have been sustained.

We come next to a consideration of the question as to whether or not the court erred in taking the case from the jury. Appellant, for himself, testified that on the evening of the day upon which the house was burned somewhere about 7 o'clock he and his wife took their infant child and went to the house of a neighbor nearby to attend a dance; that, before leaving his house, he turned the valve regulating the flow of gas to the fire burners so as to permit but a small flow of gas, and in this condition left it; the flame not being over one or two inches high. Along about 11 o'clock at night the alarm of fire was given, and, upon hurrying home, he found his house on fire, and the flame from this burner rising several feet above the mouth of the burner. He made no effort at that time to turn off the valve to extinguish the flame from the burner, but devoted his energies to removing his furniture from the house. He further testified that the flow of gas was stronger at some times than at others, and that it was especially stronger at nighttime than it was in the daytime and early evening. He proved by several of his neighbors that along about the time that the house burned, the flow of gas through the pipes in their houses was unusually strong and heavy, and one of them testified that, in order to keep the flame from setting fire to the mantel, it had to be extinguished entirely. To this

testimony, as to the condition of the flow of gas in
the other houses, appellee company strongly objected,
but the court overruled its objection and permitted
the testimony to go to the jury. Appellant intro-
duced a witness, Leverett, who stated: That at the
time of, or just before the fire, he was in the employ
of appellee company. That he was familiar with the
gas business and had been for some years a "gas
fitter." That the appellee company's line was
equipped with apparatus by means of which it could
regulate the pressure of the flow of the gas that
passed through its pipes or lines. This apparatus
consisted of a "regulator" and a "by-path." That
the reasonable and proper pressure for grates,
stoves, and lamps located in the town of Campton
should be and was about eight ounces. That about
an hour and a half before the fire he tested the pres-
sure in one of the pipes of appellee company in
another house in Campton, and found the pressure
to be about four pounds. That the pressure in the
pipe, if the "regulator" was left open, could reach
a maximum of 1 1-2 pounds, and, if the appliance
known as the "by-path" was left open the pressure
would be about the same as the pressure from the
well, and the well pressure was at that time some-
thing like 300 pounds. That on the morning following
the fire he found the "by-path" standing open and
the "regulator" was not in use, and that, therefore,
the entire pressure of the gas as it flowed from the
well could and did pass into the town through the
mains and pipes of appellee company. That the "by-
path" and the "regulator" were both located between
the well and the point at which he examined the press-
ure, and found it to be about four pounds. Appellee
also objected to the introduction of this testimony,

but the objection was overruled, and it was permitted
to go to the jury.  Appellee insists that, before the
court could have permitted the introduction of the evi-
dence to the effect that other houses in the town were
supplied with an unusually strong flow or pressure
of gas on the night in question, appellant should have
been required to show that said houses were located,
with reference to the main line, practically the same
as his house was, and that the equipment for supply-
ing and regulating the flow of gas to said houses
was practically the same.  This contention, however,
we think is not well taken, for the reason that in a
town the size of Campton the pipe and equipment
for supplying the several houses therein with gas is
necessarily practically the same, and this is especially
true where all of the work or practically all of it is
done by the same company, and the proof in this case
shows that appellee did most, if not all, of this work.
The effect of this testimony could only go to show
that the flow of gas through the main and pipes of
appellee company was at this time stronger than it
had been earlier in the evening of the same day, and
testimony of this same character had already been
offered in evidence by appellant.  As to the testimony
of the witness Leverett, we are of opinion that his
testimony as to his examination of the pressure of
the gas in the pipe is not connected sufficiently close
to the time of the fire to entitle it to any weight or
consideration, nor is his testimony as to the condi-
tion in which he found the "by-path" and "regu-
lator" the following morning such that it should have
been permitted to go to the jury, for the reason that
their condition the morning following the fire is no
evidence as to the condition in which they were at
the time of the fire, and, in fact, his own testimony

shows conclusively, if it shows anything, that at the time he made the test or examination the "regulator" and "by-path" both could not have been open else the pressure would have been nearer 300 pounds than 4 pounds. The sum total, then, of appellant's testimony, is that before leaving home he turned the valve in his gas pipe down so as to permit the flow of but a small volume of gas; that at about the time the fire was discovered the pressure of the gas in the pipes in neighboring houses was found to be very strong, but not of sufficient force to place it beyond the regulation and control of the appliances with which the pipes in each of said housese were supplied; that, when appellant entered his home after the fire was discovered, the flames from his own gas pipe were rising several feet above the burner. Had appellant extinguished the light entirely in his gas burner before leaving home, no injury could have possibly occurred or loss resulted to him. Appellee company had no control over the pipes or valves in appellant's house, nor over the apparatus which regulated the supply of gas to the fire burners. These were all under the exclusive control and management of appellant. He knew how to operate same. He knew that the pressure of the gas through the main varied, and that late in the evening it was stronger than at other times, and in the full possession of this knowledge, before leaving home, he attempted to so arrange the valve as to keep but a small fire during his absence. With the fire in this condition, he left his home, and he offers no testimony as to what took place between that time and the time when his home was discovered on fire. The natural presumption from his testimony is that the house caught fire from the burning gas, but this is by no means certain. It

might have been set on fire. It may have been entered during his absence, and the valve turned on so as to permit a full flow and pressure of gas through the pipe, or the valve may have been out of order, so that it was not suitable to regulate the flow and pressure of the gas. Any or all of these theories are as plausible as that the fire was caused by the gas company's negligently permitting an unusual and excessive flow of gas through the pipe, and, as has been held in the case of the Louisville Gas Company v. Kaufman, Strauss & Co., 48 S. W. 434, 20 Ky. Law Rep. 1069: "Where the question is one of negligence or no negligence, it is well settled law that where the evidence is equally consistent with either view—the existence or non-existence of negligence—the court should not submit the case to the jury, for the party affirming the negligence has failed to prove it." This same rule was laid down in the case of Hughes v. Cincinnati Railway Company, 91 Ky. 526, 16 S. W. 275, 13 Ky. Law Rep. 72, where the court held that if the evidence shows that the injury might have resulted from one or two or more causes, only one of which was due to defendant's negligence, and the inference that the injury resulted from the one cause is no stronger than that it resulted from the other, the plaintiff has failed to make out his case, and the jury should have been so directed. And in the case of Wintuska v. L. & N. R. R. Company, 20 S. W. 819, 14 Ky. Law Rep. 579, the court held that, where either one of two causes was equally plausible, a peremptory instruction should have been given, and the jury should not have been left to speculate as to the cause of the injury. So, in the case at bar, the fire may have resulted from negligence on the part of appellee in permitting an unusually heavy flow of gas

to pass through its mains, or it may have been the
work of an incendiary, or it may have been due to
the carelessness and neglect of appellant in not prop-
erly setting the valve so as to regulate the flow of
the gas and prevent an injury during his absence.
Any one of these theories being as plausible as the
other, the jury should not have been left to specu-
late as to the cause of the fire.

Judgment affirmed.