## Bingham, et ux. v. Lexington & Eastern Railway Company.

(Decided June 20, 1919.)

### Appeal from Perry Circuit Court.

1. **Waters and Water Courses—Diversion Caused by Railroad Construction**—In an action to recover damages caused by the construction of railroad tracks and the diversion of the current of a river unless plaintiffs show that the wasting away or damage to their property was greater after the work was done by the railroad company than before, defendant is entitled to a directed verdict.

2. **Waters and Water Courses—Diversion of Current.**—Mere diversion of the current would not authorize a recovery unless the construction increased the damage to plaintiffs' property.

3. **Trial—Instructions**—Where the evidence is equally consistent with the existence or non-existence of negligence it is not competent for the judge to leave the matter to the jury.

FAULKNER & FAULKNER, W. A. STANFILL and WILLIAMS & GRACE for appellants.

WOOTTON & MORGAN and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants are the owners of several lots in the town of Hazard, fronting on what is known as Main or Maple

street, and extending back to the river. About the time they purchased these lots appellee constructed its road-bed opposite their property and in so doing made a fill extending some 25 or 30 feet into the river, and it is alleged that in so constructing its roadbed it caused rocks and other substances to be thrown into the river on the south side thereof to such an extent as to change the current of the river, thus throwing the current against the north side of the bank, with the result that a large portion of appellant's land was washed away and the remaining portion damaged. At the conclusion of all the evidence the court sustained appellee's motion for a directed verdict.

The court gave two reasons for sustaining the above motion. The only one necessary for us to note is ''that there was no way from the proof to determine whether the fill mentioned in the evidence caused the property to wash away.'' The court did not err in sustaining said motion. Counsel does not point out in either the original or reply brief, nor have we been able to find, any evidence showing that the property of appellants has suffered any damage by reason of the construction of the fill. From the evidence introduced by appellants it is shown that for a period of thirty or forty years, there has been a gradual washing or wasting away of the bank on the appellants' side of the river. Appellants admit that at the time they purchased the property the banks of the river looked as if they had been gradually breaking off.

One witness states that it had been broken off ''right smart'' prior to appellants' acquisition of the land. Another testifies he had known the land for twenty-five years; he had tended corn there when a boy and that the bank had been falling in as long as he could remember.

It is evident that the construction of the embankment did divert the current from the south to the north side of the river, but what effect, if any, this had upon the property of appellants the record does not show. It is admitted that even before the construction of the railroad the property was affected by high tides. For many years there has been a wearing away of appellants' land, and of the adjoining property bordering the river, but we have looked in vain for any evidence that the building of the railroad increased the waste. The nearest approach to any testimony of this kind is found in a ques-

tion asked the witness Baker as to whether the falling in of the bank at the point mentioned had been greater since the current of the river had been diverted than it was before and his answer is, "Well, I can't say. I don't know whether it has or not."

Neither the appellants nor any of their witnesses offered any testimony on this point, and in this state of the record the lower court could not have done otherwise than it did. Under the evidence introduced the jury could do no more than guess as to whether the washing away had been greater since the construction of the fill than before, but juries are not allowed to guess.

As stated in Cotton v. Wood, 8 Com. Bench, N. S. 568, "Where the evidence is equally consistent with either view, with the existence or non-existence of negli- gence, it is not competent to the judge to leave the matter to the jury. The party who affirms negligence has alto- gether failed to establish it. That is a rule which ought never to be lost sight of."

This quotation is cited with approval in Thompson on Negligence, 1st ed., p. 364; Hughes v. C. N. O. & T. P. Ry. Co., 91 Ky. 526; Louisville Gas Co. v Kaufman-Straus Co., 105 Ky. 131, and many other cases, and is well estab- lished as the prevailing rule in this state.

Appellants were required to make out their case, the burden being on them to show by affirmative evidence that appellee's negligence caused the damage complained of; this they failed to do.

Appellants rely upon the cases of L. & N. R. R. Co. v. Whitsell, 125 Ky. 433; L. H. & St. L. Ry. Co. v. Rob- erts, 144 Ky. 820; W. & B. M. R. Co. v. Blanton, 160 Ky. 134, but their evidence does not bring this case within the rule laid down in the foregoing citations. In the first case it is shown that before Deer creek was clogged, through the construction of a ditch by the railroad com- pany, it furnished a good drain for that part of appel- lant's land lying next to it, and that a culvert or drain under the appellant's track was permitted to become ob- structed by logs, etc., causing an overflow of part of the land.

The second case was reversed mainly on the ground of erroneous instructions. There is no evidence in the present case to warrant the giving of instructions such as

the court directs should be given upon a retrial in the Roberts case, *supra*.

A reversal was ordered in the third case. The only question involved was whether recovery should be had for permanent or temporary damages. It was there shown that in the construction of the roadbed, the accumulation of rock forced the bed of the stream out of its original channel against the land of appellant, washing away his fence and land. In each of these cases, as well as the very recent case of L. & E. R. Co. v. Napier, 184 Ky. 331, plaintiff was able to show that the work done by the railroad had damaged their property. Had appellants in this case introduced any evidence showing facts similar to those found in the cases cited, it would have been one for the jury, but the evidence here was not sufficient to take the case to the jury. To authorize a recovery it was incumbent upon appellants to prove that the construction of the railroad and the change in the channel caused their alleged damage. If the washing away or destruction of the property was no greater after the embankment was made than it was before, appellee is not liable.

The judgment is accordingly affirmed.