## Martin v. Louisville Gas & Electric Company.

(Decided March 20, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Negligence—Evidence Held not to Show Defendant's Negligence was Proximate Cause of Plaintiff's Injury from Falling from Ladder.—Where defendant, in extending its conduits through a basement with the landlord's permission, had removed the basement stairway and placed a ladder for use of its employees, and plaintiff, a tenant in the building, was injured by a fall into the basement while attempting to use the ladder, but she testified she did not know whether she slipped or the ladder slipped, the evidence was as consistent with the view that defendant's negligence, if any, in placing the ladder, was not the proximate cause of the injury, as with the view that it was such cause, so that a verdict was properly directed for defendant.

J. S. LUSCHER for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Ethel Martin sued the Louisville Gas & Electric Company for personal injuries. At the conclusion of the evidence the court directed a verdict in favor of the defendant. Plaintiff appeals.

The facts are as follows: In the year 1919, Dr. J. W. Galvin and his wife and daughters were the owners of a three-story brick building with a basement underneath at 125 West Market street in the city of Louisville. On November 15th of that year they leased the storeroom and three other rooms on the ground floor to C. D. Martin, the husband of appellant. On December 18, 1918, the owners sold and conveyed to the Louisville Gas & Electric Company a right of way for the construction, erection and maintenance of conduits and manholes for electric wires in and through the basement or cellar of the premises, together with the right to construct a conduit through the yard and rear of said premises. After obtaining the right of way, the Louisville Gas & Electric Company, on or about January 1, 1920, proceeded to lay the conduits on Market street in front of the premises occupied by appellant and her husband, across the sidewalk and through the basement. In doing the work, the company removed the steps which led from the rear yard into the cellar and put a ladder in place of the steps, so that its employees could get in and out of the basement while the work was being done. About noon on January 21st following, appellant picked up a bucket for the purpose of going into the cellar to get some coal. On opening the cellar door she saw the ladder which had been placed there by the company's employees. The rungs of the ladder were round. After throwing the bucket into the cellar she started down the ladder with her back to the ladder. According to her own statement she put her right foot on the first rung, and just as she was about to put her left foot on the next rung, either the ladder slipped or she slipped, and she fell to the floor of the cellar, receiving the injuries of which she complains. As the lease covered only the storeroom, and the three rooms back of the storeroom, and did not embrace the basement, the court declined to permit appellant to show that she had permission from the owners to use the cellar, and then gave a peremptory on the ground that appellant, so far as the company was concerned, was a trespasser to whom it owed no precautionary duty.

A reversal is asked on the ground that as the Louisville Gas & Electric Company was not a party to the lease, oral evidence was admissible for the purpose of showing that the owners of the building gave appellant and her husband the right to use the cellar for the purpose of storing their coal. Whether the exclusion of such

evidence was proper, we deem it unnecessary to decide, for even if we assume that the company owed a duty to appellant, it was necessary for her to show that its failure to perform that duty was the proximate cause of her injuries. Appellant did not testify that the ladder broke or was insecurely placed. She admits that she knew that the ladder was there. She started to descend with her back to the ladder. She could not tell whether the ladder slipped, or she slipped. Therefore, it is impossible to tell whether appellant's injuries were caused by the negligence of the company, or by her own act in descending the ladder in a dangerous way. That being true, the case falls within the rule that where the evidence is equally consistent with the existence or non-existence of negligence, there is a failure of proof, and it is not competent for the court to leave the matter to the jury. Bingham, etc. v. Lexington & Eastern Ry. Co., 185 Ky. 48, 213 S. W. 204.

Judgment affirmed.