## McKeehan v. Louisville & N. R. Co.

June 15, 1943.

822

C. R. Luker and R. L. Pope for appellant.

Wm. Lewis & son, H. T. Lively and C. S. Landrum for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

In this action brought by the appellant, by his committee, to recover damages for personal injuries sustained by falling into a basement hole adjacent to a flight of steps on the appellee's premises, a verdict was directed for the appellee at the conclusion of the appellant's evidence.

The appellant lived in Laurel County and was in Louisville to attend a political rally held on October 28, 1940. He went in an automobile. His wife testified that he was very nervous and was subject to "dying away spells" in which "he would just fall over and would not know anything."

Between 4:00 and 4:30 A. M. on October 29, 1940, the appellee's night station master, Aicken, saw a man walking through the station who seemed to be drunk and staggering. The man went towards the 10th Street entrance. A short while later a porter notified Aicken that he had heard a man groaning. Aicken and the porter, after a search, found the appellant lying on the floor of the entrance into the basement on the north side of the stone steps of the 10th Street entrance. He was removed to a hospital where it was found he. was seriously injured. He has been bereft of reason since his fall and did not testify.

There are seven steps leading from the sidewalk on 10th Street to the doorway of the station, with a wide

landing at the top. On each side of the steps and landing there is a stone guard-wall or railing, twelve to fifteen inches wide and eighteen inches high. There is no way to get into the basement hole in which appellant was found except by passing over the stone guard-wall or by going over or through an iron railing erected to prevent persons on the sidewalk level from falling into the hole. The steps were well lighted and in good condition.

It is the theory of appellant's counsel that the stone guard-wall on the side of the steps was not of sufficient height to prevent one from falling over it and therefore that the appellee was guilty of negligence in failing to maintain its premises in a reasonably safe condition for the use of its patrons and that this negligence was the proximate cause of the accident. The appellee insists that there was a failure to show that the steps were unsafe and that, in any event, the trial court correctly directed the verdict because the reason of appellant falling into the opening was left wholly in the realm of conjecture and speculation.

It is elementary that it is the duty of a carrier of passengers to maintain the approaches to its station in a reasonably safe condition for use by persons coming to the station to take passage on its trains. It is equally elementary, however, that there is no presumption of negligence in a case of this character and that one suing to recover damages for injuries sustained as a result of another's negligence must offer testimony conducing to establish that his injuries were caused by the negligence. We have many times said that if a plaintiff's injuries may as reasonably be attributed to a cause for which the defendant is not responsible as to a cause for which there is responsibility the plaintiff has failed to make out a case to submit to the jury. Hughes v. Cincinnati, etc., R. Co., 91 Ky. 526, 16 S. W. 275; Everman's Adm'r v. Louisville & N. R. Co., 219 Ky. 478, 293 S. W. 977; Lee's Adm'r v. Hines, 202 Ky. 240, 259 S. W. 338; Chesapeake & O. R. Co. v. Preston's Adm'rx, 228 Ky. 572, 15 S. W. (2d) 427; Barker v. Louisville & N. R. Co., 289 Ky. 347, 158 S. W. (2d) 642.

If it be assumed, arguendo, that the appellant was an invitee and that the appellee was guilty of negligence in failing to maintain a higher guard-wall or rail on the side of the steps, the verdict was nevertheless correctly directed because there was an utter failure to establish

that such negligence was the cause of the appellant's injuries. Counsel would have us indulge the assumption that the appellant had one of his "dying away spells" while using the steps and was thereby caused to fall over the guard-wall into the basement hole, but there is an utter absence of any evidence on which to base such an assumption—the appellant's proneness to fainting spells constitutes no evidence that he suffered such a spell at the time he was injured. A more reasonable surmise is that the accident was due to appellant's intoxication. When the realm of speculation is entered, it is just as reasonable to assume that the appellant sat down or laid down on the guard-wall and fell off as that he fainted and fell over the wall. For ought the evidence reveals he may have fallen over or through the iron rail on the street level. The cause of the fall is left wholly in conjecture and speculation since there is nothing in the evidence, circumstantial or otherwise, indicating the cause.

The appellant's injuries may as reasonably be attributed to a cause for which the appellee was not responsible as to one for which it was responsible, and the case clearly falls within the rule announced in the cases cited. The trial court correctly ruled that the case should not be submitted to the jury.

Affirmed.