**HUGHES' ADM'X v. SHOUSE et al.**

Court of Appeals of Kentucky.
Feb. 1, 1952.

C. L. Bell, Louisville, for appellant.

Harold Y. Saunders, Shelbyville, for appellees.

MILLIKEN, Justice.

This action was brought by Cora Mae Hughes Givens, administratrix of the estate of Rufus Hughes, deceased, for the death of Mr. Hughes who was struck by a car owned by Arthur C. Shouse, Sr., and driven by Arthur C. Shouse, Jr. The jury returned a verdict for the defendants, and the plaintiff has appealed. She urges as grounds for reversal of the judgment: (1) The verdict is contrary to the law and evidence; (2) the court should have peremptorily instructed for the plaintiff, except for the purpose of determining damages; (3) the verdict is the result of passion; and (4) the court erred when it did not give an instruction on last clear chance.

The accident occurred on October 8, 1949, at approximately 6:30 p. m. on U. S. Highway No. 60, several miles east of Shelbyville and near a point known as the Three-Mile Bridge. It is undisputed that Mr. Hughes was walking toward Shelbyville on or near the highway, and that Arthur Shouse, Jr., was driving alone in the same direction. It was almost dark and the cars on the road had their lights on. At a point some 900 to 1,000 feet west of the bridge Mr. Hughes was struck

by the Shouse car. He died five days later in a Louisville hospital as a result of the accident.

There was only one eyewitness to the accident, the driver of the car, Arthur Shouse, Jr. His version of it is undisputed. He stated that he had left home about 6:15 and was proceeding toward Shelbyville on U. S. 60 at a speed of about 40 or 45 miles per hour with his bright lights on. In five or ten minutes he reached the bridge. When asked to tell the jury about the accident, he said:

"Well, when I got across Three-Mile Bridge, you go up a slight incline going toward Shelbyville, when I got about middleways of the hill there was a line of traffic coming meeting me during a heavy —a big football game at Lexington, a lot of traffic on the road. I dimmed the lights and went on up the incline; I got about middleways of it, there was a man there and the instant I seen him I hit him. I don't know how he got there.

"Q. Had you any trouble with your vision up to that point seeing whether or not there were any obstructions on the highway? A. No, sir.

"Q. Were your lights burning brightly? A. No, sir, they was dimmed.

"Q. How far in advance could you see with your lights dimmed? A. I don't know exactly how far.

"Q. How fast were you traveling? A. Forty to forty-five miles an hour."

Appellant's theory of the case is that under the version of the accident given by the appellee there should have been a peremptory instruction for her because it is the duty of the driver of a car to keep a lookout for pedestrians and to act accordingly, citing KRS 189.290. She further argues that since the appellee admitted that he did not see the deceased until he hit him, it necessarily follows that the appellee failed in his statutory duty and was therefore, negligent.

Much of the proof that appellant presents to substantiate her claim concerns the range of vision near the scene of the accident. In view of the fact that it was almost dark, the 2,000 to 3,000 feet distance of unencumbered vision along the relatively straight highway would be cut down materially. The key testimony in the case is that of the appellee. The jury apparently believed his statements that he exercised due care under the circumstances; that he had his lights on; that he was driving at a speed not exceeding 45 miles per hour; that he was looking out in front of him and that he did not see anyone. This testimony is uncontradicted. On the other hand, appellant's theory presupposes that appellee was negligent, and that this negligence was the proximate cause of the accident; and lastly that the decedent was not guilty of contributory negligence.

There was no proof concerning the conduct of the deceased, other than the fact that he appeared in front of the car when it was too late to stop. His acts may have contributed to, or caused, the accident. "We have many times said that if a plaintiff's injuries may as reasonably be attributed to a cause for which the defendant is not responsible as to a cause for which there is responsibility the plaintiff has failed to make out a case to submit to the jury." McKeehan v. Louisville & N. R. Co., 294 Ky. 821, 172 S.W.2d 580, 581. While the present case was submitted to a jury despite this rule, it was proper for the jury to infer that the accident may have been or was caused by the act of the deceased. In view of the circumstances and the lack of proof as to Mr. Hughes' conduct, it was reasonable to infer that he suddenly moved out onto the highway and was struck.

Since an instruction on last clear chance was not offered by the appellant, she cannot now be heard to complain.

The judgment is affirmed.