## John French, Appellee, v. The Cloverleaf Coal Mining Company, Appellant.

1. APPEAL AND ERROR, § 198*—*when question of validity of statute waived.* A party appealing to the Appellate Court waives the question as to the constitutionality of a statute.

2. MASTER AND SERVANT, § 760*—*when question of proximate cause for jury.* In an action for injuries sustained by a shot firer in a coal mine, the question of whether the negligence of the defendant was the proximate cause of the injuries was for the jury; and it appearing that loaded coal cars and gob piled at both sides of the cars delayed the plaintiff from escaping from a shot, a finding of negligence was sustained.

3. MASTER AND SERVANT, § 528a*—*what is effect of Compensation Act.* In an action by a servant for injuries sustained in a mine, where it appeared that the defendant had elected not to pay compensation under the Workmen's Compensation Act, (J. & A. ¶¶ 5449 *et seq.*), the effect of such election was to relegate the plaintiff to a suit at law for damages measured by the law as it existed prior to the act, except that contributory negligence could not be considered in reduction of damages.

4. MASTER AND SERVANT, § 670*—*what evidence admissible to show damages.* In an action by a shot firer for injuries sustained in a coal mine, there was no error in permitting the plaintiff to prove the amount of his daily wages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. Master and Servant, § 795*—*when requested instruction may be refused.* In an action for injuries sustained by a shot firer in a coal mine, there was no error in refusing requested instructions when the instructions given covered those refused.

6. Damages, § 135*—*when verdict not excessive.* Where a shot firer in a coal mine, forty-four years of age, earning $4.72 a day, had both his upper and lower jaws broken, lost several teeth and pieces of bone, was out of work nine weeks, was in bed two weeks, suffered intense pain and was compelled to pay a doctor's bill of $75, a verdict of $1,029.16 was not excessive.

Appeal from the Circuit Court of Montgomery county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

Miller & McDavid, for appellant.

Hill & Bullington, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is an action on the case begun by appellee against appellant to the January term, 1913, of the Montgomery County Circuit Court to recover damages for personal injuries suffered by appellee while working as a short firer in appellant's coal mine. The declaration contains two counts, both averring common-law negligence. Each count avers that the appellant was operating a coal mine in Montgomery county; that appellee was employed therein as a short firer; that the appellant had elected not to accept the provisions of the Compensation Act in force May 1, 1912, and was thereby deprived of the defenses of assumed risk; that the injury was caused in whole or in part by the negligence of a fellow-servant, and proximately caused by the contributory negligence of appellee, except that such contributory negligence shall be considered in reducing the amount of damages; that appellee had, as an employee of appellant, elected to accept the provisions of said act; that in the under-

402 . Appellate Courts of Illinois.

French v. The Cloverleaf Coal Mining Co., 190 Ill. App. 400.

ground works of said mine were divers roadways, crosscuts and rooms; that on September 16, 1912, appellee was engaged in rooms 3, 4, 5, 6 and 7 off a certain entry, and while engaged as a shot firer, after placing a shot in room seven, appellee started to room number 4 where he encountered an obstruction of three cars which appellant had negligently placed there, with gob on either side which appellant had negligently placed, wholly obstructing the travel of appellee, and while so delayed a shot exploded and thereby appellee was injured.

The second count contains the further averment that after appellee had ignited certain shots and started to retire to a place of safety he encountered an obstruction, consisting of cars with gob on either side thereof, negligently placed and permitted to remain whereby appellee was delayed.

A demurrer to both counts of the declaration was overruled. The appellant then filed a plea of not guilty. On a trial before a jury a verdict for $1,029.16 was returned in favor of appellee, on which judgment was rendered.

It is insisted that the court erred in overruling the demurrer for the reason the Compensation Act is unconstitutional. The Supreme Court has held the act constitutional. *Deibeikis v. Link-Belt Co.*, 261 Ill. 454; 5 N. C. C. A. 401; *Dietz v. Big Muddy Coal & Iron Co.*, 263 Ill. 480, 5 N. C. C. A. 419, and if the act had not been passed on, the appellant by appealing to this court has waived that question. *Luken v. Lake Shore & M. S. Ry. Co.*, 248 Ill. 377, 4 N. C. C. A. n492.

It is also contended that the evidence does not sustain the finding in favor of appellee for the reason that the evidence does not show the negligence of the appellant was the proximate cause of the injury. The evidence shows that there were loaded coal cars standing in the neck of rooms 6 and 7 and that there was gob piled at both sides of the cars in the neck of room 6 which was eighteen inches high at the wheels and

sloped back to the rib, where it was four feet high, and that this obstruction would delay a person trying to get out of the room in a hurry.  Appellee had lighted the fuse to the shots and had then run to the mouth of the room where, having to crawl over the gob to get out, he was delayed until the shot exploded and a piece of the rock struck him on the right side of his face.  If the cars had not obstructed the neck of the room, or the gob had not hindered him so that he had to crawl over it, he would have been out of the neck of the room before the explosion occurred.  We think it was a question for the jury whether the negligence of the defendant was or not the proximate cause of the injury.  The evidence sustains the finding in favor of appellee.

It is also argued that appellee can only recover the compensation that is provided for by the act.  The appellant elected not to pay compensation under the act.  The effect of that election by appellant is to relegate appellee to a suit at law for his damages measured by the law as if it existed prior to the act, except that contributory negligence, if any of appellee, shall be considered in reduction of his damages.  There was no error in permitting appellee to prove the amount of his daily wages.

It is contended that the court erred in refusing the second refused instruction requested by appellant. The first part of the instruction was fully given in both appellant's second and third given instructions, and the remainder of the refused instruction which tells the jury "that the plaintiff must prove by a preponderance of the evidence that the said negligent act was the direct and proximate cause of the injury," is fully given in appellant's thirteenth, which tells the jury that "the damages to be recovered in an action must always be the natural and proximate consequences of the wrongful act complained of  *  *  *  that to entitle the plaintiff to recover in this case the damages

claimed must be the direct consequence of the act complained of. The relation of cause and effect must be shown to exist between the act complained of and the injury." There is no error either in giving or refusing instructions.

It is also insisted that the judgment is excessive. The evidence shows that appellee is forty-four years of age, that he was earning $4.72 a day, that both his upper and lower jaws were broken, four teeth were knocked out and seven pieces of bone extracted, he was out of work nine weeks, confined to his bed two weeks, suffered intense pain and had a doctor's bill of about $75. We cannot say that the judgment is excessive or that it should be set aside because the damages were calculated down to cents. The judgment is affirmed.

*Affirmed.*