CASE 58—ACTION BY CALVIN I. HURT AGAINST THE L. & N. R. R. Co.
FOR PERSONAL INJURIES.—OCT. 23.

# Hurt v. Louisville & N. R. R. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS BRANCH, FIRST
DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

MASTER AND SERVANT—NEGLIGENCE—NEW TRIAL—DISCRETION OF
TRIAL COURT—QUESTION FOR JURY—SCINTILLA OF EVIDENCE.

Held:   1. Rulings on motions for new trial will not be disturbed
unless it appear that the discretion of the court has been abused.

2. Where the trial judge is convinced that the verdict has been re-
turned either under a misunderstanding on the part of the jury,
or because of prejudice or other undue influence, it is his duty
to set it aside.

3. Plaintiff mounted a moving car and attempted to set the brake,
when "something slipped or gave way," and he fell in front of
the car. There was evidence in an action for the injury that
he was using a brake stick, contrary to the rules of the company.
HELD, That it was proper not to submit to the jury the question
of negligence in delivering the car at a dangerous rate of speed,
since, if the brake was in proper condition, the speed could not
have caused the injury, and, if defective, the speed was imma-
terial.

4. A brakeman was giving a brake wheel a hard turn, when "some-
thing gave way," and he fell and was injured; and it was his
theory that the brake chain was too long, so that it lapped on
itself, and, when he put the force on, the chain slipped. There
was no evidence that the brake was defective, but one witness
testified he examined a car which had been pointed out by "some
railroad employes" on the following day, and that one of the
links of the brake chain was pressed together. HELD, That there
was a scintilla of evidence, requiring the case to go to the jury.

5. A verdict is not to be sustained upon a mere scintilla of evidence,
where it is flagrantly against the weight of all the evidence.

6. In a servant's personal injury action, where the circumstances show nothing as to the real cause, but leave it to conjecture whether it was the negligence of the master, the fault of the injured servant, or an unaccountable accident, there is a failure of proof.

BENNETT H. YOUNG AND EDWIN C. WAIDE, ATTORNEYS FOR APPELLANT.

This is the third trial of this case. On the first trial there was a hung jury. On the second trial on precisely the same evidence that was heard on the last trial, the jury returned a verdict for the plaintiff for $10,000 damages, which was set aside by the court. On the third and last trial nine of the jurors returned a verdict for the defendant and of this verdict and the judgment of the court thereon, as well as on the judgment of the court in setting aside the verdict in favor of the plaintiff on the second trial, this appeal is prosecuted.

The plaintiff in setting a brake on one of appellee's cars which he was required to do, by some defect in the appliances, as he claims, was thrown from the car and injured by the loss of one leg, one arm and one eye.

The appellant contends:

1. The order setting aside the verdict and judgment of May 3, 1901, and granting the defendant a new trial was erroneous.

2. The instructions given by the court on the last trial did not embrace the law of the case.

### AUTHORITIES CITED.

Crowley v. L. & N. R. R. Co., 21 R., 1434; Richards v. L. & N. R. R. Co., 21 R., 1478; L. & N. R. R. Co. v. Ricketts, 21 R., 662; Meek v. McCall, 12 R., 796; Curry v. Fetter, 16 R., 494; Legrand v. Baker, 6 Mon., 236; Am. & Eng. Ency. of Law, vol. 16, p. 554; Evening Post v. Richardson, 24 R., 457; Chapman v. McCormick, 96 Ky., 479; M. K. & T. v. McGlenny, 89 Tex., 635; O'Niel v. Dry Dock Co., 129 N. Y., 125; Manin v. Dennison, 78 Cal., 202; Richmond & D. R. Co. v. Barrett, 88 Va., 538; Snowden v. Waterman, 106 Ga., 384; Plattsmouth v. Boeck, 32 Neb., 297; Wilmott v. Corregan, C. S. Co., 106 Mo., 535; City & Sur. R. Co. v. Findley, 76 Ga., 311; Earl Fruit Co. v. Curtis, 116 Cal., 632; Bailey v. Tygart Valley Iron Works, 10 R., 677; Anniston Lime & Coal Co. v. Lewis, 107 Ala., 535; Hermany v. Globe Foundry Co., 112 Mich., 616; Eureka Tent Co. v. Bolt Cap Smith Co., 78 Md., 179; Holms v. Whittaker, 23 Ore., 319; Chappel v. Trent, 90 Va., 849; Gamble v. Mullin, 74 Iowa, 99.

Hurt v. Louisville & N. R. R. Co.

HELM, BRUCE & HELM, FOR APPELLEE.

### AUTHORITIES CITED.

1. A new trial will often be granted where it would be improper to give a peremptory instruction in advance of the trial. Buford v. L. & N. R. R. Co., 82 Ky., 287.

2. The appellate court is less inclined to disturb the action of the circuit court in *granting* a new trial than in *refusing* one. Reliance Textile & Dye Works v. Mitchell, 24 Ky. Law Rep., 1286; E. H. Taylor, Jr. & Sons v. Louisville Public Warehouse Co., 24 Ky. Law Rep., 1656, 1659.

3. Mere proof of injury, with attending circumstances showing that the party charged with neglect may be blameless or may be at fault will not do. Hughes' Admr. v. Cincinnati, &c., Ry. Co., 91 Ky., 531; Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky., 156; L. & N. R. R. Co. v. Wathen, 22 Ky. Law Rep., 85; Illinois Central R., Co. v. Gholson, 23 Ky. Law Rep., 2210.

4. Mere proof of negligence, without proving that such negligence caused the injury complained of, is immaterial. Wintuska's Admr. v. L. & N. R. R. Co., 14 Ky. Law Rep., 580.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was a member of a switching crew in appellee's yard at Louisville. A flat car loaded with railroad rails was "kicked" or turned loose with a strong shove from the locomotive, down a track that crossed a public street. It was appellant's duty to mount this car as it passed him, and to set the brake so as to stop it within a reasonable distance. In setting the brake, appellant fell or was thrown from the car, falling in front of it, and lost two of his limbs, and was otherwise hurt. This suit charged that the injury was because of the gross negligence of appellee's agents in charge of the locomotive in delivering the car at a too rapid rate, and in the failure of appellee to provide the car with a safe brake. The car was turned loose, when going, appellant testified, at eight or ten miles an hour. Witness for appellee said at two to six miles an hour. Others thought it was more than ten miles an hour, while some expert witnesses,

who were not present at the time of injury, thought, from the distance the car traveled before stopping, that it was from twelve to twenty miles an hour. Appellant made two efforts to set the brake. The first time he thought it was set tight enough, but, finding it was not, and probably because of a command of some one to stop the car, he attempted to set. it tighter. He says that, as he swayed his body forward and outward to give the brake wheel the necessary turn, "something slipped or gave way," and he fell in front of the moving car. He did not know what it was that slipped or gave way. He had not previously examined the brake or the car, nor had opportunity to, so far as was shown, and did not afterward examine it. The brake was an upright iron rod, extending about three feet above the platform of the car, and surmounted with an iron wheel used in turning it. It extended below the platform. A chain was attached to the lower end, and connected with a horizontal rod attached to the brake beam. As the brake wheel was turned, the chain was wound around the upright rod, thereby shortening the chain and drawing the brakes against the wheels. Appellant said that he thought—and that is his theory of the cause of the accident—that this chain was too long, and lapped upon itself, partially, in the setting up of the brake, and, when he put the extra force on the wheel to set it tighter, the chain slipped off the lap, whereby he was given an unexpected lurch forward and was thrown, as stated. If the chain was so long as to permit it to overlap, or "ride" itself, it is claimed that it was an unsafe provision, and that allowing it to be so was negligence on the part of the company. A number of persons inspected the car and the brake immediately after the accident—within a few minutes—and while it was in the same condition as it was when the injury occurred. They all

testified that the chain was not too long, and was in perfect order. The brake was set up, and worked properly. There were three trials of the case. At the first trial the jury disagreed. Upon the second trial the jury returned a verdict for appellant in the sum of $10,000. A motion was made by the company for a new trial, based upon numerous grounds—among others, that the verdict was flagrantly against the weight of the evidence, and that the verdict was excessive. The court granted a new trial, but upon which of the grounds, the record does not show. Upon the third trial, upon substantially the same evidence and under practically the same instructions, the jury found for the defendant (appellee). Appellant's motion for a new trial was overruled. This appeal seeks to reverse the action of the trial court in setting aside the verdict for $10,000 and granting a new trial of the action, and to have this court order a reinstatement of the judgment upon that verdict, or, if that is not done, then that the judgment in this case upon the verdict rendered at the last trial be set aside because the court failed to properly instruct the jury at appellant's instance.

We will first review the action of the trial court in setting aside the verdict in appellant's behalf. Appellee insisted that there was no evidence to have authorized the submission of the case to the jury at all, and that its motion for a peremptory instruction should have been sustained. The trial court, however, did not set aside the verdict on this ground, manifestly, because, upon the next trial, when the evidence was not materially different, he again refused to grant a peremptory instruction, and submitted the case to the jury. Nor was the action of the court probably based upon the complaint of the company that the court had misinstructed the jury, for upon the next trial he gave

about the same instructions as before. His action, then, must have been based· upon the ground either that the verdict was not sustained by, but was contrary to, the evidence, or that the amount of damages was excessive.

Trial courts have, and ought to have, a very liberal discretion accorded to them in the matter of passing upon grounds for a new trial; and in this, as in other matters of discretion, their judgments therein should not be disturbed, except it should appear that its exercise has been abused. The judge who presides at the trial has an opportunity, that this court can not have, of seeing the manner in which the witnesses testify, of observing the attention and conduct of the jury, and the demeanor of the parties and counsel, and of many other circumstances which might affect the verdict. He has also an opportunity, and it is his duty, to note the evidence submitted to the jury, and, while it is the province of the jury to decide the questions of fact involved in the issue being tried, yet they should not be allowed to disregard it. Where the trial judge is convinced that the evidence does not warrant the jury's verdict, and that the verdict has been returned either under a misunderstanding upon the part of the jury, or because of their prejudice, or other undue influence, it is certainly within the province of the court, as well as his duty, to set it aside. In Reliance Textile & Dye Works v. Mitchell, 24 R., 1286, 71 S. W., 425, we held: "This court is less inclined to disturb the action of the circuit judge in granting a new trial than in refusing one, for the reason that the new trial simply gives the parties another hearing, without finally settling their rights. . . . The law has wisely vested in the circuit judge a judicial discretion on this subject." Also, see, Taylor, Jr., v. Louisville Public Warehouse Co. (Ky.) 72 S. W., 20. The circuit judge, under the evidence in this case, was acting clearly within his su-

pervisory discretion in setting aside the verdict upon the ground that it was against the weight of the evidence, and flagrantly so.

The principal criticism of the last trial is that the trial court failed to submit to the jury an element of appellee's negligence that was charged in the petition, and claimed to be justified by the evidence. The circuit court told the jury, in substance, that it was the duty of the railroad company to provide safe appliances upon the car, and that if it failed to do so, in that the brake was defective, and that it knew, or by the exercise of ordinary care might have known, of the defect in time to have remedied it before the accident, and that the injury was caused by such defect, without negligence upon the part of the plaintiff, then the jury should find for the plaintiff. The complaint is that the court failed to submit to the jury also the question whether the defendant was not negligent in delivering or sending the car to plaintiff at a reckless and dangerous rate of speed. The court declined to instruct upon this theory, because, as said in his opinion on that point, the evidence showed conclusively that appellant was not injured by the rate of speed, for he mounted the car in safety, whether it was running too fast or not. The argument for appellant at this point is that the momentum of the car, being too rapid, necessitated more force to be put upon the brake to stop it; that, at a moderate and proper speed, it could have been stopped by appellant's first effort in setting the brake; and that therefore his injury was caused by the high speed of the car. While not without some plausibility, we can not agree that this position is sound. The rate of speed of the car was not the proximate cause of the injury, according to the appellant's testimony, but it was something about the brake that slipped. If the brake had been in proper condition, the rate of speed of the

car could not have caused the injury. On the other hand, if the brake was defective, as charged, it is not material at what speed the car was moving—whether two miles an hour or twenty miles—because, if appellant was injured by that defect, the company is liable. To have submitted to the jury the question of appellant's negligence upon the question of speed of the car would have been misleading. It might have been that the car was turned loose at a point in the city where its rate of speed was negligent to those using the street, or to one required to make a coupling of the car; but, to the brakeman who was safely upon it, there is nothing in the evidence to show that it was at all negligent. If the brake had been worked properly, and there was no other cause for the accident, appellant could not have been thrown from the car merely by the rate of its speed, nor does he claim that he was. There was evidence tending to show that appellant was using a brake stick, in violation of the rules of the company, the danger of which was well known to him. This is what might have slipped. Appellant may in some way, unaccountable even to himself, have lost his balance and fallen. At any rate, there is nothing to show that the rate of speed was the direct or proximate cause of his injury. It was therefore proper not to have submitted that question to the jury.

The plaintiff's theory of the cause of the accident, so far as the condition of the brake is concerned, is only a theory. He does not profess to know personally what was the cause. No witness testifying for him said that the brake was in any wise defective, or that it was possible for the chain to have overlapped as surmised in the theory for appellant. The witness Bashaw, who testified for plaintiff that he had examined a car which had been pointed out by "some railroad employes" on the following day, and that one of the links

Hurt v. Louisville & N. R. R. Co.

of the brake chain was pressed together, does not really identify the car, nor the relation to appellee of the person who pointed it out to him. But even if this witness' identification of the car had been satisfactory, the evidence was simply overwhelming that he was mistaken—that the chain was not defective, as stated. However, this constituted what what might be called a scintilla of evidence, requiring a submission of the question to the jury. Appellee's motion for a peremptory instruction was properly overruled. But it does not follow by any means that the rule requiring the submission of a case to the jury if there is a scintilla of evidence means that a verdict may be sustained upon a mere scintilla of evidence, where it is flagrantly against the weight of all the evidence. Before the injured servant can recover damages from his master, he must show that his injury was caused by some neglect of the master, or by some other servant of the master, which is imputed to him. It is not enough to show merely that the plaintiff sustained his injury while in the service of the master. Where the circumstances attending the injury show nothing as to the real cause, but leave it to conjecture whether it was the negligence of the master, the fault of the injured servant, or an unaccountable accident, there is a failure of proof. The cause of the injury must be proved. Unless it is shown affirmatively, there can be no recovery. Hughes v. Cincinnati, etc., Ry. Co., 91 Ky., 526, 13 R., 72, 16 S. W., 275; Louisville Gas Company v. Kaufman, Straus & Co., 105 Ky., 131, 20 R., 1069, 48 S. W., 434; L. & N. R. Co. v. Wathen, 22 R., 82, 49 S. W., 185; Illinois Central R. Co. v. Gholson, 23 R., 2209, 66 S W., 1018.

The judgment of the circuit court must be affirmed.