## D. E. Hewitt Lumber Company v. Cisco.

(Decided January 27, 1920.)

### Appeal from Martin Circuit Court.

Master and Servant—Assumption of Risk.—One cannot recover in an action for personal injury where the injury is the result of his miscalculation of the force necessary to raise or lift a burden, nor can he recover where his injury results from his miscalculation of the amount of force necessary to prize loose a log which is hung, and in applying more force than was necessary throws the log out of place and allows other logs to roll down on him.

C. B. WHEELER for appellant.

W. T. CAIN and A. COPELEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This action is one to recover damages for personal injury. It was here on appeal once before and the judgment reversed. See 181 Kentucky, 612. That verdict and judgment was for $1,000.00, and the one now involved is for the same amount. Appellant insists that the facts shown by Cisco preclude his recovery—that there was no negligence shown on the part of the company.

Cisco was employed by the lumber company to roll logs which had been dumped on the bank of a pond into the pond, and otherwise aid in getting the logs on to the skidway of the sawmill. He had just been employed that day but was experienced in handling logs. Three logs dumped on the bank of the pond had lodged against a stump which stood near the water's edge. Cisco undertook to prize them loose and 'to roll them into the pond so that the dirt and grit which stuck to them would we washed off before the logs came in contact with the saw of the mill. He was working on a night shift and the lights were not bright. He could not see the stump but he could see the three logs, and with a cant hook and spike undertook to release the logs but in doing so he exerted a greater force than proved necessary to release one of the logs and bring it on top of the stump. In attempting to raise the log to the top of the stump he threw it entirely over the stump and the other logs rolled down against his leg, causing the injury of which he now complains.

On the first appeal he based his right of recovery upon the failure of the company to provide him a reasonably safe place, sufficient lights and sufficient help in the performance of his duties, and we held— the evidence considered—that the trial court should have peremptorily instructed the jury to find and return a verdict for the defendant company. On a return of the case Cisco filed an amended petition and on the last trial he insists, in addition to the three grounds above mentioned, that the appliances provided for the moving of the logs were not reasonably sufficient or safe, and that his injury resulted in part from that alleged negligence on the company's part. There is evidence in the record showing that the men who handled the logs on and near the pond sometimes attached a log which was lodged to an endless chain, operated by power from the mill, and thus dragged the log into the pond but this was not often resorted to. Cisco did not employ or offer to employ this power in moving the logs in question, nor does it appear that he knew anything about the other men so snaking the logs. He had been working on the bank of the pond only a few hours and had rolled into the water quite a number of logs before he came to the three which caused his injury. It was not a dangerous or unsafe place to work. The stump was there to be seen though the light was not very good. The logs were easily discernable. On the last appeal we said: "It is manifest however, that none of these alleged acts of negligence were the proximate cause of plaintiff's injuries. The stump merely stopped the logs. It did not cause the logs to strike the plaintiff.

"On the question of insufficient lights, plaintiff merely claims that he could not see the stump. He does not claim that he could not see the logs, or that the result of his 'little flip' would have been different had there been more light. It is likewise clear that he was not injured because the task was too great for one man. On the contrary, the accident was due entirely to the fact that plaintiff miscalculated the effect of his own effort and failed to get out of the way of the logs. Under these circumstances the danger of being struck by the logs which he was attempting to move was one of the ordinary risks of the business and was necessarily assumed by the plaintiff."

It is quite manifest from the evidence now before us

that the injury of plaintiff is not the proximate result of negligence on the part of the appellant company, but only resulted from Cisco's miscalculation of the power or effort which was necessary on his part to dislodge or remove the log from the gorge occasioned by the stump. There was nothing complicated about the work. Being an experienced logman, Cisco did not require instruction. It did not matter whether he could see the stump or not; the logs were lying on the slope above the pond, and he must have known, as a reasonable man, experienced in handling logs, that they were logged against some steadfast object, whether a stump or something else; and he must have further known that he would have to remove the object which had caused the gorge, or lift the logs over it before they could roll into the water. He further knew that a log on a slope, such as he was working on, was likely to roll down when released. In attempting to raise one of the logs on to the top of the stump he exerted more power than was necessary and threw the log entirely over the stump, thus giving the other logs an opportunity to roll down, which they did, striking his leg and causing a severe injury to the plaintiff, which is regrettable, but there was no negligence on the part of the appellant company, because it did not instruct nor require him to use greater force than was necessary to bring the log to the top of the stump. He was the master in charge of the work so far as removing these logs was concerned, and the whole situation was so open, obvious and free from complication that any reasonable human being of ordinary prudence could have seen and understood the whole situation. Acting under such conditions and with full knowledge of all the surrounding conditions he alone was responsible for the result. The mere fact that one or more of the logs rolled down against his leg and caused an injury, does not entitle him to a recovery against his employer. He was under the necessity of showing that the company owed him a duty which it failed to perform and but for its failure his injury would not have happended, and failing in this, his cause of action must fail. He was not entitled to a recovery.

If upon another trial the evidence is in substance the same as upon the last two trials, the court will direct the jury to find and return a verdict for the defendant company.

Judgment reversed.