## Louisville & Nashville Railroad Co., et al. v. Fields, Sr.

(Decided December 15, 1922.)

### Appeal from Letcher Circuit Court.

1. Railroads—Injury to Passenger—Negligence.—The owner company was not liable and the action should have been against the Director General of Railroads alone for an injury alleged to have occurred to a passenger from the negligent operation of a train during federal control of the railroad.

2. Railroads—Judgment for Damages—Injury During Federal Control.—A judgment for damages for an injury during federal control against both the owner of a railroad and the Director General entered upon a joint verdict against both, may be reversed as to the owner and affirmed as to the Director General.

3. Railroads—Negligence of Conductor.—It is negligence for the conductor of a passenger train to open the door of a coach which was not vestibuled and leave it open just as the train was entering a tunnel, notwithstanding a passenger had asked him to do so, and for an injury to the passenger, proximately resulting therefrom, the company will be liable.

4. Railroads—Negligence of Conductor—Injury to Passenger.—But where, in the summer time, windows of the coach nearer the passenger than the door were also open and not negligently, the jury will not be allowed to speculate as to whether or not a cinder which struck and injured a passenger's eye, entered the car through the window or door, and. where upon the evidence it is as reasonable to infer the injury resulted from non-negligence as from a proven negligent act, it is error to refuse to direct a verdict for the defendant.

B. D. WARFIELD, MORGAN & HARVIE and FIELDS, DAY & FIELDS for appellants.

R. MONROE FIELDS and FIELDS & FIELDS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the L. & N. Railroad Company and the Director General of Railroads from a judgment rendered against them jointly for $1,000.00 for personal injury alleged to have been sustained by appellee from the negligent operation of a train upon which he was a passenger, during Federal control of the company's railroad.

The defendants, by motion to dismiss as to the railroad company, to direct the verdict in its behalf, and by objections to the instructions, sought at every stage of the trial to confine the liability, if any, to the Director General, and each defendant made a motion for a judgment notwithstanding the verdict. All of these motions were overruled, and it is now insisted that because thereof the judgment must be reversed, not only as against the railroad company but as against the Director General as well, upon the ground that a judgment cannot be entered against the latter upon a joint verdict against it and another not liable in any event. That the railroad company was not liable, and that the action should have been exclusively against the Director General, for an injury alleged to have occurred during Federal control is no longer an open question. Hence the judgment against the railroad company must be reversed. Commonwealth v. L. & N. R. R. Co., 189 Ky. 309, 224 S. W. 847; Mo. Pac. R. Co., et al. v. Ault, decided by the Supreme Court of the United States June 1, 1921.

We are unable, however, to agree with the insistence that the Director General was entitled to a judgment notwithstanding the verdict simply because the verdict was against the two defendants jointly. In the first place, neither the verdict nor the instructions mention either defendant by name. The verdict is: "We, the jury, do agree and find for the plaintiff the sum of $1,000.00," and the inference from the instructions is that there was but a single defendant. The word "defendant" is used throughout the instructions, except where the reference is to the "defendants train, defendants duty, or defendants servants," which instead of indicating that there were two defendants was clearly a use of the possessive form of a singular noun, although there is no apostrophe before the final "s."

It is therefore extremely doubtful if the jury even knew there were two defendants, as that fact appears

only from the pleadings. Hence it is clear that as a matter of fact the verdict of the jury as to the amount of the damages sustained by the plaintiff was not in any way influenced by whether one or both defendants were severally or jointly liable therefor. But even over and above this and as a matter of law, we cannot conceive of any valid reason for reversing the judgment as to the sole defendant liable therefor simply because another had been joined as defendant who was neither a necessary nor a proper party to the action, even if the verdict of the jury had expressly stated that the damages were allowed against the two defendants jointly. Upon this precise question we held, in Louisville Southern Railway Co.'s Receivers, etc. v. Tucker's Admr., 105 Ky. 492, that under the state law upon appeal a joint verdict against two defendants in tort may be set aside as to one of them and the full amount of the judgment left standing against the other.

Practically conceding that this is true under the state law, counsel contend that the rule is necessarily otherwise under the Federal Control Act and the proclamations and orders of the President and his agents providing that actions shall be against the Director General alone for any negligence during Federal control, but we are quite unable to agree with this contention, and no case is cited from any court so holding.

Numerous other errors are assigned as grounds for reversal of the judgment against the Director General, but waiving the contention that the verdict is excessive and leaving that question open, we are of the opinion that these contentions, except one, are without merit. That one, however, is that the court erred in refusing to direct a verdict for the Director General upon the ground that from the evidence it was as reasonable to infer that plaintiff's injury resulted from non-negligence as from the one act of negligence proven.

There was proof that the conductor opened the front door of the coach in which plaintiff was riding and which was not vestibuled, and left it open, just as the train was about to enter a tunnel, notwithstanding plaintiff had requested him not to do so. This under authority of L. & N. R. R. Co. v. Lynch, 137 Ky. 596, 126 S. W. 262; L. & E. R. Co. v. Robinson, 186 Ky 739, 216 S. W. 86; L. & N. R. Co. v. Roberts, 187 Ky. 192, 218 S. W. 713, was

negligence and the company is responsible for an injury proximately resulting therefrom.

It is the claim of the plaintiff that as the result of the conductor's thus opening the door of the coach as the train was entering a tunnel, a cinder or other foreign substance entered and injured his eye, but the accident occurred on August 1st, and it was shown without contradiction that many of the windows of the car near where plaintiff was sitting at the time were open, and that cinders, etc., were as liable to come through the open windows as through the open door. Plaintiff only showed that the window at the seat occupied by him and another occupied by his sister were closed, but he admitted, as did other of his witnesses, that many of the car windows were open at the time. It is not claimed the company was guilty of negligence because of the open windows.

There was no evidence whatever even that cinders or other foreign substance coming into the coach through the open door would have been more likely to lodge in the plaintiff's eye than one entering the car through one of the open windows. On the other hand, the railroad conductor testified that it was more likely to have been from cinders or other foreign substance entering the car from an open window near the seat in which plaintiff was sitting than from the door, as plaintiff was sitting some five or six seats back from the door, and much nearer some of the windows.

We are therefore of the opinion that upon the evidence it is merely a matter of speculation and doubt as to whether or not plaintiff's injury resulted from any negligence of the defendant. Under such circumstances we have uniformly held that it is error to refuse to direct a verdict for the defendant. A few of the cases so holding are: L. & N. R. Co. v. Long's Admr., 139 Ky. 299, 117 S. W. 359; Caldwell's Admr. v. C. & O. R. Co., 155 Ky. 609, 160 S. W. 158; Gayle's Admr. v. L. & N. R. Co., 163 Ky. 459, 173 S. W. 1113; C., N. O. & T. P. Ry. Co. v. Frogg's Admr., 167 Ky. 6, 179 S. W. 1062; Johnson v. M. & O. R. Co., 178 Ky. 108, 198 S. W. 538.

Wherefore, the judgment is reversed, with directions to dismiss the action as to the railroad company and for another trial against the Director General consistent herewith.