## Horse Creek Mining Company v. Frazier's Administratrix.

(Decided April 27, 1928.)

### Appeal from Clay Circuit Court.

1. Master and Servant.—"Negligence" in the relation of master and servant is the failure to observe some duty that master owes to servant, and, in absence of some duty to provide against particular cause of action, there can be no violation of duty nor charge of negligence, regardless of master's violation in other matters having no proximate connection with producing particular accident.

2. Master and Servant.—Where servant, especially vice principal, himself creates danger, and renders place unsafe, and with that knowledge continues to work, and sustains injuries, master is not liable without some proximate causal dereliction on his part.

3. Master and Servant.—Since, under Workmen's Compensation Act (Ky. Stats., 1922, sec. 4960 [Acts 1916, c. 33, sec. 76a]), master not accepting terms of Compensation Act is, notwithstanding that fact, not liable for injury to servant, in absence of negligence, held that, where assistant foreman of mine, acting as vice principal, knowing of unsafe condition of roof by reason of recently heavy blasting, continued to work, and was killed, peremptory instruction should have been given for master, in action for servant's death.

4. Master and Servant.—Where death of assistant mine foreman resulted from his creating a dangerous place of work and continuing to work with knowledge thereof, held, that instruction basing liability of employer on its failure to observe Ky. Stats., 1922, secs. 2723, 2726-1, requiring licensed foreman, was error, since such failure formed no causal connection with, and did not contribute to, accident resulting in servant's death.

HIRAM H. OWENS for appellant.

MURRAY L. BROWN for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The appellant and defendant below, Horse Creek Mining Company, is a corporation, and at the time of the matters herein complained of it operated, on a small scale, a couple of coal mines in Clay county, both of which were located on the same tract of land, and a few hundred feet apart, and the coal from each was carried to, and handled by, one common tipple. On the 11th day of September, 1925, the decedent, Arch Frazier, an experienced and adult miner, was in the employ of defendant, and worked in one of the openings or separate mines of its entire operations, and he was defendant's foreman at that opening. Defendant determined to construct another track upon which to operate mining cars in that opening, over which undertaking the deceased was foreman, and the task of doing so was put exclusively under his management, superintendence and control. On the late afternoon of the date above mentioned he, with two other employees under him, blasted the rib of the entry on one of its sides for the purpose of widening it to admit the construction of the second or double track, and that was done somewhere between 4 and 5 o'clock p. m. At the direction of the deceased he and the employees under him went into the entry after supper on the same evening for the purpose of removing the coal that had been blasted only a few hours before. They were all engaged in removing it when it was discovered that the end of the arched slate roof under which the blasting was done, and which everyone states was sound and safe before the blasting, was not only weakened by removing the coal from under it, and upon which it rested, but that there was a crack in it, and that it was resting only on the shattered coal that the explosion had not thrown out. With that knowledge, the deceased went under the roof at the place indicated, and commenced to take out the shattered coal, which was the only support of that end of the roof after the explosion, and a piece of the slate roof fell upon and killed him. The above is, in substance, the undisputed proof as to how the deceased met his death.

Appellee and plaintiff below, as his widow, qualified as his personal representative, and she afterwards brought this common-law action against defendant to recover damages for the death of her husband, which she

alleged was produced and brought about and caused "by the gross carelessness and negligence of the defendant, its bosses, agents, and employees; that said dangerous condition (of the roof of the entry) and result was wholly and totally unknown to plaintiff's intestate; but all of which was known, or could have been known, to the defendant, its agents, bosses (one of whom was deceased) and employees, by ordinary care, inspection, and prudence of the defendant, but all of which it grossly and carelessly neglected," etc., and she sought judgment for the sum of $30,000. An amended petition alleged that defendant had not accepted the provisions of our statute known as the Workmen's Compensation Act, but it did not aver that it employed the requisite number of employees to require it to do so. However, the answer and the reply did develop that fact, and it was conceded at the trial of the case.

The answer was a denial of any negligence on the part of defendant, and contained pleas of contributory negligence and assumption of risk; to each of which a demurrer filed by plaintiff was sustained on the ground that such defenses were not available in common-law actions against masters who were covered by the provisions of the Compensation Act, and who did not accept it. Another paragraph pleaded in substance, that decedent was the foreman at the mine where he was killed and in the work then being performed, and, in substance, that he was defendant's vice principal at the time, and that he had sole charge of the work, with authority to direct the method by which it should be performed, and that in such capacity he produced the unsafe condition of the roof, and with knowledge thereof, and of his own volition, he went under it, and that therefore he sustained his death *solely* and *only* through his own negligence, and because of *none* on the part of defendant.

Appropriate pleadings made the issues, and upon trial under instructions given by the court there was a verdict in favor of plaintiff for the sum of $2,500, which the court declined to set aside on defendant's motion for a new trial, and from the judgment pronounced thereon defendant prosecutes this appeal. The grounds relied on in the motion were: (1) Error of the court in overruling defendant's motion for a peremptory instruction in its favor; (2) that the verdict was flagrantly against

the evidence; and (3) erroneous instructions, to the giving of which the defendant objected and excepted.

Defendant had a general mine foreman who exercised a general superintendency over its entire mining operations by the name of Fortner, and deceased had been duly appointed, and for quite a while had been acting as, assistant foreman; but, while the chief foreman was licensed and had received a certificate to that effect, as is required by section 2723 of Carroll's 1922 edition of Kentucky Statutes, the deceased had not been so licensed. Defendant's duty as operator of the mines to employ a licensed mine foreman is prescribed by section 2726-1 of the same statute, and in the same section it is also provided for the employment of an assistant foreman under certain conditions, one of which is the extensiveness of the mining operations being such as to require it.

Upon the theory that defendant had failed to follow the provisions of that section, the case was practiced below for plaintiff, and the instructions submitted to the jury were likewise bottomed upon the same theory, and that, too, without a scintilla of proof to show that the alleged violation of the statute (even if it had been indisputably proven) contributed in the remotest degree to the death of the deceased. There are many statutes imposing certain duties on the operators of mines, but, unless a failure to observe them had some causal connection with the complained-of accident, such failures on the part of the employer have never been held to constitute negligence on his part toward the particular injured servant.

It is the primary, as well as universally declared, law that negligence is the failure to observe some duty that the master owes to the servant, where the questions arise in such a relation, and, unless there was some duty to provide against the particular cause of the accident, and to prevent it at the time and place of its happening, there can be no violation of duty nor charge of negligence toward the injured servant, regardless of the master's violations in other matters having no proximate connection with producing the particular accident. Gosney v. L. & N. R. R. Co., 169 Ky. 323, 183 S. W. 538, L. R. A. 1916E, 458; Watson's Adm'x v. C. & O. R. R. Co., 170 Ky. 254, 185 S. W. 852, and Stull's Adm'r v. T. & T. Co., 122 Ky. 650, 189 S. W. 721. Such principles are funda-

mental, and are disputed by no text-writer or court. Our cases are numerous to the effect that, where the servant, and especially if he is the vice principal on the spot, himself creates the danger and renders the place unsafe, and with that knowledge continues to work at it, and sustains injuries, then and in such case he himself is the sole producer of his injuries, and which cannot in any legal sense be charged to the master without some proximate causal dereliction on his part.

The proof in this case shows that the roof of the mine entry where the accident happened was perfectly sound and safe until, by the direction of the deceased, it was made unsafe. He was an experienced workman, and the proof also indisputably shows that he knew of the unsafe condition, and had been warned againist it, notwithstanding which he voluntarily engaged in taking from under the roof its only (but loosened) support, and remained under it while he was so engaged. We repeat, there was no dispute in the evidence as to such facts, and the question is: Can the master be made liable under such circumstances, notwithstanding his failure to accept the provisions of the Workmen's Compensation Act?

We are not called upon, in disposing of the questions involved in this case, to enter into any extended discussion of the objects and purposes of Workmen's Compensation Acts, nor to determine all of the effects its remedial provisions had upon the common-law right of recovery by an injured servant. The only question here involved, growing out of the general one above stated, is: What effect did section 4960 (Ky. Stats.) of our workmen's compensation statute (being section 76a of the original act as passed by the Legislature [Acts 1916, c. 33]) have upon common-law actions by the servant against his master for the recovery of damages for injuries sustained by him against the master when the latter came within the terms of the statute, but did not accept it? The only effect given by the section, supra, of our statutes, was to deprive defendant (the master) of the defenses to which he would have been entitled but for the act of "(1) That the employee was guilty of contributory negligence; (2) that the injury was caused by the negligence of a fellow servant of the injured employee; (3) that the employee has assumed the risk of the injury." It will be observed that those defenses

theretofore available (of contributory negligence, assumed risk, and negligence of fellow servant) were taken away; thereby leaving the common-law action *in all other respects* the same as it was before the enactment of the statute. As a necessary consequence, it did not dispense with the requirement in such actions, that before the master could be held liable, he must be charged with, and there must be proven against him, some negligence toward the injured servants; and, so far as we have been able to discover, such interpretation has been arrived at by all the courts before which the question has arisen.

In the case of Hunter v. Colfax Consolidated Coal Co., 175 Iowa, 245, 154 N. W. 1037, 157 N. W. 145, L. R. A. 1917D, 15, Ann. Cas. 1917E, 803, the court, in dealing with this phase of the statute, said that the taking away of such defenses left "entirely open whether there remains the defense that the injury is due neither to the fault of the fellow servant nor to a fault of the employer," and that the exclusion of such defenses "does not estbalish (that) the employer may not show that, whoever else was to blame, or contributed, or whatever the mental attitude or condition of the contributor, he, the defendant, was in no manner to blame," and that such withdrawn defenses do "not touch the question whether the freedom of the employer from all blame remains a defense." In the extended annotation to that case, as reported in the volume of L. R. A. referred to, and on page 98, it is stated: "If the employee elects to bring an action at law for damages, he must prove negligence on the part of the employer," and cases cited in note 95 to that text support it.

In the case of French v. Cloverleaf Coal Mining Co., 190 Ill. App. 400, it was held that similar provisions in the compensation statute of that state had no other effect, in common-law actions against the master who should have accepted the provisions of the act, than to deprive him of the defenses withheld by the statute, and that in all other respects the common-law action for damages was to be now "measured by the law as it existed prior to the act."

Many other foreign cases could be cited to the same effect, but, in view of the fact that in three comparatively recent cases we have adopted the same view in the interpretation of our statute, we deem it unnecessary to

do so. Those cases are Lamberg v. Central Consumers' Co., 184 Ky. 284, 211 S. W. 746; Gatliff Coal Co. v. Sumner, 196 Ky. 592, 245 S. W. 144, and Deboe's Adm'r v. West Ky. Coal Co., 216 Ky. 198, 287 S. W. 568. In each of them the defendants were engaged in such operations as to require them to accept the provisions of the act, but they did not do so The injured servants brought common-law actions to recover damages resulting from the injuries they sustained in the course of their respective employment, and we held that the only effect of the noncompliance with the statute on the part of the defendants was to withhold from them the three defenses enumerated in section 4960 supra, and that such withholding did not dispense with the requirement on the part of the plaintiff to allege and prove that the injuries sustained resulted from the negligence of the defendant.

In the Deboe case the opinion on this point said:

"The plaintiff alleged facts showing that the West Kentucy Coal Company came within the provisions of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987) and that it had not at the time of the injury complained of accepted the terms of the act, and was not operating under it; thus it cannot rely upon any contributory negligence of any of his fellow servants, nor can it rely upon any assumption of risk on the part of deceased. However, before any recovery can be had against either of these defendants, some negligence on their part must be shown, and we have carefully examined the record and are unable to find anywhere anything that was done or omitted to be done by the defendants that contributed to this young man's death."

Such being the condition of the law, and there being no proven negligence on the part of the defendant in this case, but that, on the contrary, the deceased, while working as the vice principal of defendant, both produced the danger and voluntarily incurred it, and thereby rendered his acts the sole cause of his death, it was the duty of the court to sustain the motion for a peremptory instruction under the evidence as adduced at the trial. If, however, that were not true, then the instructions basing liability upon the failure of a licensed foreman to be present at the time was manifestly erroneous, since such

failure formed no causal connection with, and contributed nothing whatever to, the accident resulting in the death of the deceased.

An entirely different question would be presented if one of the employees under the deceased had been injured or killed, since in that event defendant, through its foreman (the deceased), would have been guilty of negligence in making unsafe the place at which the servant was working when he was injured. But the liability of the master in that case has no application under the facts here, where the deceased himself was representing the master as vice principal at the time of his death, and he was the producer of the conditions that brought it about.

Wherefore the judgment is reversed, with directions to set it aside, and, if the evidence upon another trial is substantially the same as upon this one, the court will sustain defendant's motion for a peremptory instruction.