## Fee's Administratrix v. Mahan-Ellison Coal Corporation.

(Decided November 24, 1931.)

232

B. B. GOLDEN and J. S. GOLDEN for appellant.

T. E. MAHAN and WM. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Roscoe Fee, a resident of Leslie county, Ky., was an employee of the Mahan-Ellison Coal Corporation, which was engaged in mining coal in Harlan county, Ky., on the 15th day of February, 1929. He had been in its employ about two weeks next before February 15, 1929, engaged in work on the inside of the mine as a motor coupler. In the performance of his duties, he had to travel with the motor, and when the empty cars came back through the mine to be placed for loading, and after

they were loaded and before returning, he was required to couple them to the motor.

At one place on the track on which the motor and cars were operated, there was, what the miners term, "a high-joint at the switch point." At this place, the track was low and the switch point turned down. This caused the track to stick up and to make a bow or buckle. This condition of the track had existed for some time prior to the night of February 15, 1929. It was such as to cause the cars to jump the track and wreck at that place. It was in this condition when the cars wrecked at that point on the night of the death of deceased.

The chief witness for appellant claims that he arrived at the place where the cars were wrecked within four or five minutes after the wreck occurred, when he found deceased under one of the cars. He was lying about half way under it, with one arm over his head. It appeared that the wheels of the car had passed over his body. All four of the wheels of one were off of the track, and two wheels of the second car were off of it. The deceased, at the time he was found under the car was about ten or twelve feet from the "cup-joint" of the track. The wheels of two cars, which were off of the track, had passed that point, but those of the cars which had not reached it, were on the track. At the time the witness arrived at the scene of the wreck, the deceased was dead. Some blood was on the side of his face; his leg scarred, and appeared to be broken; his neck was limber, laying over on his shoulder, and seemed to be broken.

The appellant qualified as administratrix of the estate of the deceased. By this action, she sought to recover damages of the appellee resulting to the estate of deceased from his death.

It was set out in the petition that appellee was eligible to accept, but had not accepted the provisions of the Workmen's Compensation Law (Ky. Stats., sec. 4880 et seq.).

It was also set out that deceased was an employee of appellee; that his death resulted from an accident arising out of and in the course of his employment; and that it was the direct and proximate result of the negligence of the appellee in failing to furnish him a reasonably safe place to work; reasonably safe and sufficient tools and applicances with which to work, and a reason-

ably sufficient number of persons to assist him in the performance of his labors in which he was engaged at the time of his death. An issue was formed by appropriate pleadings, a jury impaneled and sworn, evidence heard in behalf of appellant, and, at its conclusion, the court gave an instruction directing the jury to find a verdict for appellee, which was accordingly done, and judgment entered dismissing her petition, from which she appeals.

The sole issue to be determined here is whether the court erred in giving a peremptory instruction to the jury. Negligence in the relation of master and servant is a failure of the master to observe some duty that he owes the servant. Horse Creek Mining Co. v. Frazier's Adm'x, 224 Ky. 211, 5 S. W. (2d) 1064. To recover for personal injuries or for death to a servant, it must be shown that the master owed the servant a duty which he failed to perform, and that but for its failure the injury or death would not have resulted. Hewitt Lumber Co. v. Cisco, 186 Ky. 635, 218 S. W. 296.

An employer does not insure his employee against injury or death in the performance of his duties. If he furnishes him a reasonably safe place in which to work; reasonably safe material with which to do his work; and, where engaged with others, sees to it that the co-employees are sufficient in number to do the work on hand in a reasonably safe manner, and are reasonably qualified and skilled in the performance of the joint duty, this is all the employee may demand or require of him. Fuller v. I. C. R. R. Co., 138 Ky. 42, 127 S. W. 501.

The theory of the cause of the death of deceased is only a theory. It may be conceded that appellee's track was defective, or out of repair, and that it was negligent in allowing it to become in this condition, or in the condition shown by the evidence, and that such defect or condition caused its cars to be derailed at that point. But no one professes to know personally why he was under the car, or how he was killed. No one testified that the derailing of the car at that point caused his death. It is not enough merely to show that the employee was injured or killed while in the service of the master.

Where the circumstances attending the injury or death of the employee show nothing as to the real cause thereof, but leave it merely to conjecture or guess whether it was the negligence of the master or fault of

the servant or an unaccountable accident, there is failure or proof. The cause thereof must be proved. Unless it is shown affirmatively there can be no recovery. This rule has been announced and followed by this court in the following cases: Hughes v. Cin., etc., Ry. Co., 91 Ky. 526, 16 S. W. 275, 13 Ky. Law Rep. 72; Louisville Gas Co. v. Kaufman, Straus Co., 105 Ky. 131, 48 S. W. 434, 20 Ky. Law Rep. 1069; L. & N. R. R. Co. v. Wathen, 49 S. W. 185, 22 Ky. Law Rep. 82; I. C. R. R. Co. v. Gholson, 66 S. W. 1018, 23 Ky. Law Rep. 2209; Hurst v. L. & N. R. R. Co., 116 Ky. 545, 76 S. W. 502, 25 Ky. Law Rep. 755; Davis v. Burns' Adm'x, 207 Ky. 703, 269 S. W. 763; Steele's Adm'r v. Hillman Land & Iron Co. (Ky.) 114 S. W. 311; Cin., N. O. & T. P. Ry. Co. v. Zachary's Adm'x (Ky.) 124 S. W. 363; C. & O. Ry. Co. v. Walker's Adm'r, 159 Ky. 237, 167 S. W. 128; Sutton's Adm'r v. L. & N. R. R. Co., 168 Ky. 81, 181 S. W. 938; Steele Coal Company v. Vanover, 209 Ky. 148, 272 S. W. 418; C. & O. R. R. Co. v. Crider, 199 Ky. 60, 250 S. W. 499; Hearell's Adm'r v. I. C. R. R. Co., 185 Ky. 41, 213 S. W. 561; Highsplit Coal Co. v. Palmer's Adm'r. 231 Ky. 24, 20 S. W. (2d) 1020; L. & N. R. R. Co. v. Fields, 197 Ky. 138, 246 S. W. 130, and cases cited. The Fields case cites L. & N. R. R. Co. v. Long's Adm'r, 139 Ky. 299, 117 S. W. 359; Caldwell's Adm'r v. C. & O. R. R. Co., 155 Ky. 609, 160 S. W. 158; Gayle's Adm'r v. L. & N. R. R. Co., 163 Ky. 459, 173 S. W. 1113; C., N. O. & T. P. R. R. Co. v. Frogg's Adm'r, 167 Ky. 6, 179 S. W. 1062; Johnson v. M. & O. R. R. Co., 178 Ky. 108, 198 S. W. 538. In the Johnson, Caldwell, and Frogg cases, the bodies of the deceaseds were found near the railroad tracks. There was no evidence as to what caused their deaths. In the Gayle case, it was claimed that decedent was jerked from the train and killed. The evidence failed to show whether his death was caused by the jerk of the train or his falling from it. In the Long case, the deceased was a railway brakeman. His body was found beside the track. There was failure of proof that the starting of the train was the proximate cause of his death. A peremptory instruction was ordered in each of these cases, and the rule restated that negligence cannot be presumed, but must be proven. U. S. Fidelity & Guaranty Co. v. Antle, 240 Ky. 243, 42 S. W. (2d) 1.

The rule deducible from the cases supra, is that a submission of the case to the jury will not be authorized where the verdict must rest solely upon a guess or sur-

mise or mere speculation. As a general rule, the doctrine of res ipsa loquitor does not apply in cases where the relationship of master and servant exists. No recovery may be had by the servant unless the evidence clearly shows the accident was necessarily the result of the failure of the master to perform some duty which he owed to the servant, which may be shown by circumstances the same as negligence may be shown in any other kind of an action. Circumstances establishing negligence on the part of the master will produce such condition as will authorize the submission of the case to the jury. L. & N. R. R. Co. v. Allen's Adm'r, 174 Ky. 736, 192 S. W. 863; Ashland Supply Co. v. Webb, 206 Ky. 184, 266 S. W. 1086; L. & N. R. R. Co. v. Mannin, 217 Ky. 460, 289 S. W. 1089; L. & N. R. R. Co. v. Grant, 223 Ky. 39, 2 S. W. (2d) 1063. It is not only incumbent upon a plaintiff in such a case to show the circumstances under which accidental injury or death occurred, and that the information of the cause thereof is wholly within the defendant's knowledge, but there must be some other evidence showing the master's negligence in addition to the mere happening of the accident. To recover of the master in such instances, it must be shown that the accident can be explained on no reasonable inference or hypothesis other than negligence. Stephens v. Kitchen Lumber Co., 222 Ky. 736, 2 S. W. (2d) 374. While it may be conceded, as we have stated, that the appellee was negligent in suffering and permitting its tracks to become defective or out of repair, there is absolutely no proof as to what caused the deceased to be under the car or to be run over or killed by it, or that he was actually killed by the car. His presence under the car, and if he was killed by it, may have been caused by something not under the control of the appellee, or with which it had no connection. In our opinion, a peremptory instruction was properly given to the jury. No motorman or other person who was present at the time the deceased was killed, for reasons satisfactory to the appellant, was introduced. It was not proper for the jury to be permitted to speculate as to how the deceased came to his death. Therefore, the peremptory instruction was properly given.

Judgment affirmed.