# Magness' Adm'x v. Hutchinson et al.

(Decided   May   10,   1938.)

(As  Modified  on  Denial  of  Rehearing  June  24,  1938.)

CLYDE  BURNETT  and  LUCIEN  R.  SMITH  for  appellant.

HOLIFIELD,  McDONALD  &  BOAZ  for  appellee  Mayfield  Bottling  Co.

J.  E.  WARREN  and  F.  B.  MARTIN  for  appellee  R.  F.  McClain.

Opinion of the Court by Judge Baird—Affirming.

Virginia Magness, administratrix of Ory Magness, deceased, instituted this action, which was tried on the 17th day of December, 1936, in the Graves circuit court. At the conclusion of her evidence on motion of appellees, the court directed the jury to render a verdict for them, which the jury did. Thereupon, a judgment was rendered dismissing the action. This appeal follows.

Ory Magness was a truck driver of the age of 31 years. He lost his life on the 16th day of May, 1935. Virginia Magness, on the 22d day of July thereafter, was appointed administratrix of his estate. By her petition as administratrix, after setting up all necessary formal allegations not necessary to embody herein, alleged that the deceased, Ory Magness, at the time of his death, was employed by Doyle Hutchinson, doing business under the name and style of the Mayfield Bottling Company, and engaged within the scope of his business and operating under the supervision of appellee R. F. McClain on a truck belonging to Hutchinson with his knowledge and consent and acting under the instructions of Hutchinson and McClain, and that said truck was wrecked by the negligence of appellees in the maintenance and operation thereof, and as a direct and proximate result thereof, the injury and death of the deceased occurred.

All of the material allegations of her petition were denied by appellees, and they by appropriate and affirmative paragraphs pleaded contributory negligence and assumed risk and that the deceased's death was the result of his sole negligence in operating the truck. The affirmative pleas of the answer were denied. The issues were made up by appropriate pleadings. After a full, complete, and careful consideration of the pleadings and the proof, the court has reached the conclusion that the proof as a basis of the action was not of such probative value as to authorize a submission of the case to the jury. Therefore, it would be a waste of time and effort to set out in full all of the pleadings; for when the issues in the case are considered and the facts developed accepted as true, as we must do in passing upon the question before us, when boiled down, the correct solution of the whole case hangs upon one single point. Conceding arguendo that on all other issues made by the pleadings there was some evidence adduced estab-

lishing them, still, unless there was other probative proof to the effect that the death of the deceased was the final result of appellees' negligence or a breach of some duty that they, the masters, owed him, and that their negligence or breach of duty was the proximate cause thereof, then as a sequence the ruling and judgment of the trial court was correct.

The salient facts pertaining to the death of the deceased are as follows: On or about 3 o'clock in the afternoon on the 14th day of May, 1935, the deceased left the Mayfield Bottling Company from its place of business in the city of Mayfield, Graves county, Ky., in a new International 1½-ton truck with some empty beer cases in the truck and operated the truck to the city of Louisville for the purpose of receiving and of conveying a quantity of beer from the Falls City Brewing Company in that city back to the Mayfield Bottling Company. The deceased carried with him an order from Hutchinson for the load of beer to the brewing company to be filled. The order was duly filled by the brewing company and the beer loaded on the truck. Nothing more was heard of Magness or the loaded truck as he undertook to operate it to the Magness Bottling Company from Mayfield, Ky., except that some time in the night, and possibly after midnight of Thursday, the 16th day of May, Magness' dead body, together with the wrecked truck, was found, around and beneath a badly wrecked bridge and in the water of a ditch or stream over which the bridge spanned, on Public Highway No. 60, about 2½ miles south of the city of Sturgis, Ky. The dead body and wrecked truck were on the left side of the bridge in a ditch, coming south. The deceased's body was mashed in the chest, his skull fractured, and there were lacerations on his head and face. The wreckage of the truck was scattered all about, together with the contents of the load; bottles were broken; some of the bottles contained whisky. The barrels and boxes of beer were burst and scattered and much of the contents destroyed. Part of the truck showed thereon the printed name of the Mayfield Bottling Company and that it was an International truck. The highway was perfectly straight and level for a quarter of a mile before reaching the bridge going in the direction of Mayfield. There was a black line in the middle of the highway. From 150 to 200 feet north of the bridge, deviating from the black line in the mid-

dle of the highway, there were visible marks or tracks indicating that the truck varied from the right side of the center of the highway gradually to where the left abutment of the bridge was torn away. One whole span of the left abutment of the bridge was torn off and thrown into the ditch or stream of water. In substance, these are the facts developed as to what caused the wreckage of the truck and bridge and the death of Magness.

No evidence was produced from which the jury could reasonably infer, or even by the application of their extreme imagination could conclude, that the negligence or failure of duty on the part of appellees or either of them was the proximate cause of the wreck and the death of Magness. There was evidence that the truck was a new International 1½-ton truck; that the contents of the load with the weight of the truck exceeded 18,000 pounds, the limit fixed by statute. Kentucky Statutes, section 2739g-82. That weight is fixed by statute for the benefit of the road. The state only can complain of a violation of same, unless it is shown that the act constituting the violation was the proximate cause of the accident. There is no proof that any part of the running gear of the truck on account of the heaviness of the load gave away or broke. There were no facts showing that the injury was due in the slightest degree to improper equipment. The approach to the bridge was level and practically straight. The highway did not descend toward the bridge. The weight of the load, of itself, could not be the cause of the deviation of the truck from the right side of the road gradually until with great force on a level surface it struck the left abutment of the bridge that caused the bridge to be torn away and practically destroyed.

The death of Magness was of necessity a matter of theory or surmise. We might with equal force theorize that because bottles were found upon the ground near the wreck, that Magness was intoxicated and on that account the wreck occurred; or we might surmise that the wheels of the truck struck a rock or some impediment on the highway and caused the change in the course, or many other causes might be surmised; at last, the cause that produced the wreck is only a surmise or a guess.

Negligence is never presumed. Chesapeake & O.

Railway Company v. Rogers, et al., 193 Ky. 571, 237 S. W. 18, and scores of cases of similar import might be cited. There must be some evidence either direct or circumstantial, from which a jury could reasonably infer that the negligence of appellees was the proximate cause of the injury. The failure in the duties of the master must be related to the cause of the death of the servant.

In the case of Fee's Adm'x v. Mahan-Ellison Coal Corporation, 241 Ky. 231, 43 S. W. (2d) 681, the following rule was approved (page 683):

"Negligence in the relation of master and servant is a failure of the master to observe some duty that he owes the servant. Horse Creek Mining Company v. Frazier's Adm'x, 224 Ky. 211, 5 S. W. (2d) 1064. To recover for personal injuries or for death to a servant, it must be shown that the master owed the servant a duty which he failed to perform, and that but for its failure the injury or death would not have resulted. Hewitt Lumber Company v. Cisco, 186 Ky. 635, 218 S. W. 296."

In the instant case under the proof, to submit the case to the jury a verdict against either of appellees would rest alone upon a surmise or mere speculation. City of Ashland v. Burley, 265 Ky. 176, 96 S. W. (2d) 581; Wigginton's Adm'r v. Louisville Railway Company et al., 256 Ky. 287, 75 S. W. (2d) 1046; Kidd v. Modern Amusement Company, Inc., et al., 252 Ky. 386, 67 S. W. (2d) 466.

As a general rule, the doctrine of res ipsa loquitur does not apply where the relationship of master and servant exists. Under the facts in the instant case, it could not apply. There is no reasonable deduction, from the facts in this case, that the cause of the death of Magness, the servant, is related in any manner with the negligence or failure of duty on the part of appellees, as his master. See Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264; Commonwealth v. Madison, 269 Ky. 571, 108 S. W. (2d) 519; and many other cases that might be cited.

There is no tangible fact or thing that a jury could seize upon to authorize any conscientious person when seeking only the truth from the facts offered other than to say, that the death of the deceased may have been

caused in this way or that way, but what way is not known.

In the case of Chesapeake & O. Railway Company et al. v. Crider et al., 199 Ky. 60, 250 S. W. 499, we said (page 501):

"The rights of litigants in courts of justice are not determined by guesswork, surmise, or speculation. There must either be direct evidence authorizing a finding of fact, or a network of circumstantial evidence, based upon facts which will authorize a finding by a court or a juror without indulgence in mere speculation or surmise."

Also in the case of Hearell v. Illinois Central Railroad Company, 185 Ky. 41, 213 S. W. 561, we said (page 562):

"There must be some evidence to show that deceased lost his life through the negligence of the defendant, and this evidence must be sufficient to charge the defendant with a breach of duty, and recovery cannot be had on mere surmises or speculation as to how the injury complained of happened."

Applying the aforesaid rules and principles to the facts and to all inferences and deductions that could reasonably be drawn therefrom, we are constrained to hold that there was no evidence that authorized the submission of the case to the jury.

Wherefore, the judgment is affirmed.