# L. F. Johnson's Adm'r v. Harlan Ridgeway Crown Mining Co. et al.

Nov. 15, 1940.

J. B. Hannah, Special Judge.

F. Douglass Curry for appellant.

Charles B. Spicer for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

In this action for damages for the wrongful death of L. F. Johnson, a coal miner, in which it was claimed by the appellant that the appellee was negligent in failing to furnish the deceased a safe place to work, the trial court at the conclusion of the evidence directed a verdict in behalf of the appellee and from the judgment entered on that verdict this appeal is prosecuted.

The evidence discloses that the deceased was a coal miner of many years' experience and had been employed for sometime by the appellee as a coal loader at a specified price per ton. On the day he was killed he requested the acting foreman to permit him to work in a room of the mine in which another employee had formerly worked but from which that employee had been absent some days. He received permission to do this and later in the day was found fatally injured in that room. He drilled a hole and poured powder into the hole for the purpose of shooting coal and apparently

had attempted to tamp the powder when, for some reason or another, it exploded. No person saw or knew how the accident occurred but there was smoke in the room, indicating that a shot had been fired, and the deceased was found there with his face and neck bruised and powder burned.

It is contended by appellant that there was sufficient evidence to go to the jury on the question as to whether or not there was gas in the mine and on the question whether appellee was guilty of negligence in failing to make an inspection of the room in which the deceased was working. An examination of the testimony, however, discloses that there was no substantial evidence that there was gas in the mine. One witness testified that some years ago when he worked in the mine on three or four occasions he bored some holes in the coal and in cleaning the dust and getting it out he got his light a little too close and that it would catch fire and burn in the auger hole which indicated that there was gas in the room. This witness, however, had not been in the mine for six or seven years, so it is obvious that his testimony was of no value whatever. Another witness, Howard Rowe, in whose place the deceased was working at the time he was killed, stated that on one occasion he ran out of the room when the "rock was working". He also stated that on occasions he had heard the sound of "frying" in the room and that "sometimes you can hear it poop when you bore a hole", but stated that he did not know whether these sounds were from gas or not and that he did not know whether or not there was any gas in the room. It is apparent that this testimony, which is the only testimony in the case concerning gas, was insufficient to establish that there was gas in the mine since there was no proof that the "frying" sound indicated the presence of gas.

But, again, even though it be conceded that there was gas in the mine and that appellee was negligent in failing to make an inspection of the room in which the deceased was working and thereby discover the presence of gas, we would still be confronted by the fact that there was an utter failure to show that the explosion was caused by the presence of gas. It was incumbent on the appellant to show not only that the appellee owed the deceased a duty which it failed to perform, but also

that such failure was the cause of the deceased's death. Hewitt Lumber Co. v. Cisco, 186 Ky. 635, 218 S. W. 296. Appellant's theory that the deceased's death was caused by gas is only a theory—it is merely a conjecture that gas, if present, was ignited and thereby caused the explosion of powder in the hole. It has been held by this court many times that where the circumstances show nothing as to the real cause of injury, but leave it merely to conjecture and speculation as to whether it was caused by the negligence of the master or fault of the servant or some unaccountable accident, there is a failure of proof which prevents a recovery. See Fee's Adm'x v. Mahan-Ellison Coal Corp., 241 Ky. 231, 43 S. W. (2d) 681 and many cases therein cited. The instant case clearly falls within that class of cases.

Judgment affirmed.