## LUCKETT v. ADOLPHUS CLEANERS et al.

Court of Appeals of Kentucky.
Nov. 6, 1953.

James A. Crumlin, Louisville, for appellant.

Louis Garlove, Louisville, for appellees.

CAMMACK, Justice.

On this appeal the appellant, Joseph Luckett, insists the trial court erred in

granting a peremptory instruction in favor of the appellees, Adolphus Cleaners and Yale Cleaners. We think the court reached the right conclusion, although we do not agree with the reason given for his action.

In July, 1949, Luckett left a Panama hat with the Adolphus Cleaners to have it cleaned and blocked. Adolphus Cleaners sent the hat to Yale Cleaners to have the service performed. Luckett began wearing his hat after he got it back from Adolphus Cleaners. Four or five days later his forehead became blistered and discolored where it came in contact with the hat band. Luckett consulted a physician, who advised him to stop wearing the hat. He took the hat to the Industrial Testing Laboratories, which was operated by Dr. William Lenz, to have it analyzed. In a letter to Luckett, Dr. Lenz reported his finding as follows: "Discoloration of skin is due to oxalic acid, crystals of which were found in the hat band, and which were not thoroughly washed out after cleaning." Dr. Lenz died prior to the trial. The trial court refused to permit Dr. Lenz's statement, a copy of which was in his office files, to be introduced in evidence.

The report of Dr. Lenz's analysis was admissible. Ward v. Music, Ky., 257 S.W.2d 516. This does not mean, however, that we think the judgment should be reversed, as is contended by Luckett.

We think Luckett failed to prove his case, because it was incumbent upon him to prove that the appellees were negligent. It may be that someone breached a duty to him, but to maintain his cause of action it was necessary that he show the appellees breached this duty. Dr. Lenz's report showed that the hat band was in a dangerous condition. There was no evidence, however, showing that the appellees caused, or knew of, this dangerous condition. How the oxalic acid got on the hat band is not shown. It may have been on the hat band when the hat was taken to Adolphus Cleaners, or it may have been placed thereon after the hat was returned to Luckett. As a matter of fact the owner of Yale Cleaners, who was called as a witness for Luckett, testified that oxalic acid was not used in the Yale cleaning plant.

In the absence of proof to show that the appellees caused the acid to be on the hat band, or had knowledge that it was there, it was only through speculation that the jury could have determined they were negligent. To sustain a cause of action there must be direct or circumstantial evidence, based upon facts which would authorize a jury to make a finding without indulging in speculation. Magness' Adm'x v. Hutchinson, 274 Ky. 226, 117 S.W.2d 1041; Fishman v. Henry Fischer Packing Co., Ky., 244 S.W.2d 456.

For the reasons given the judgment is affirmed.