## FISHMAN v. HENRY FISCHER PACKING CO.

Court of Appeals of Kentucky.

Dec. 14, 1951.

Lawrence S. Grauman, Karem & Karem, Fred J. Karem, all of Louisville, for appellant.

Woodward, Hobson & Fulton and Fielden Woodward, all of Louisville, for appellee.

CAMMACK, Chief Justice.

Samuel Fishman, trading and doing business as The Economy Market, was held liable for damages for breach of warranty in the sale of a picnic ham to Marie Dukes. Fishman v. Dukes, etc., 310 Ky. 638, 220 S.W.2d 1011. In the original actions filed by persons who ate the ham, Fishman filed answers and cross-petitions making the Henry Fischer Packing Company a cross-defendant. Fishman alleged that, if there was any unwholesome condition of the ham, Fischer Packing Company and not he was responsible, because he had purchased it under an implied warranty that the ham was wholesome and fit for human consumption. No action was taken on the cross-petitions in the original actions. After this Court affirmed the judgments in favor of the plaintiffs, Fishman filed an amended cross-petition in each action setting forth that he had satisfied the judgments and that the ham purchased by Marie Dukes was not fit for human consumption. The trial resulted in a directed verdict in favor of Fischer Packing Company at the conclusion of the introduction of proof for Fishman. On this appeal Fishman contends that the case should have been submitted to the jury.

Fishman introduced proof in support of his contention that the ham was purchased from the Fischer Packing Company and that it did not become bad while in his possession, and therefore was contaminated when received from the Fischer Packing Company.

Fishman said that he purchased the ham from Fischer Packing Company on June 24th and that the ham purchased by Marie Dukes on June 28th was one of that lot because he had no others in his store. Invoices and a cancelled check from Fishman to Pearl Packing Company in payment of produce, including picnic hams, showed that Fishman received picnic hams from that Company between June 19th and June 26th. However, the president of Pearl Packing Company testified that his invoice showed that 200 picnic hams were not shipped to Fishman until July 1st. There was proof also that the hams purchased from Pearl Packing Company were smaller than those purchased from Fischer and that the price charged Marie Dukes for the contaminated ham approximated that of the smaller hams. Furthermore, Fishman's own testimony as to sales showed that under normal conditions the 50 picnic hams received from Fischer Packing Company on June 24th would not have been sufficient for his normal trade through June 28th.

On cross-examination Fishman was asked if on the former trial he was asked these questions and made these replies:

"24. Did you have the opportunity of examining those hams when they came in your place of business? A. I did, as I examined all meat.

"25. What was the condition of the hams when they came in your place of business? A. Perfect."

Fishman was then asked whether those questions were asked him and if he made those answers. His answer was, "To the best of my knowledge; yes, sir." And when asked if they were true he said, "Yes, sir." On direct examination Fishman said it was impossible to tell from the outside appearance of a picnic ham what its actual condition was inside and he gave valid reasons for his answers. He introduced a witness also who had had many years' experience with a packing company, who gave expert testimony to the same effect.

In directing a verdict for Fischer Packing Company the trial judge expressed the view that the evidence, taken as a whole, was such that the jury could only guess as to whether the contaminated ham was purchased from Fischer Packing Company, and also whether it was contaminated when Fishman first received it.

We agree with the conclusion reached by the trial judge. Had the case been submitted to the jury and a verdict rendered in favor of Fishman, we would have been forced to reverse it on this record because it would have been flagrantly against the evidence. Therefore, a verdict was properly directed in favor of the Fischer Packing Company.

Judgment affirmed.